No. 23-1095

**UNITED STATES COURT OF APPEALS**
**FOR THE FEDERAL CIRCUIT**

REALTEK SEMICONDUCTOR CORPORATION,
*Appellant*,

v.

INTERNATIONAL TRADE COMMISSION,
*Appellee*,

and

DIVX, LLC,
*Intervenor.*

Appeal from the United States International Trade Commission in Investigation No. 337-TA-1222

# RESPONSE BRIEF OF APPELLEE INTERNATIONAL TRADE COMMISSION

DOMINIC L. BIANCHI
General Counsel
Telephone (202) 205-3365

WAYNE W. HERRINGTON
Assistant General Counsel
Telephone (202) 205-3090

CARL P. BRETSCHER
Attorney for Appellee
Office of the General Counsel
U.S. International Trade Commission
500 E Street, SW, Suite 707
Washington, D.C. 20436
Telephone (202) 205-2382

Dated: August 21, 2023

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ........ ii

STATEMENT OF RELATED CASES ........ 1

JURISDICTIONAL STATEMENT ........ 2

STATEMENT OF THE ISSUES ........ 4

STATEMENT OF THE CASE ........ 5

I. Procedural History ........ 5

II. Realtek's Knowledge Of DivX's Alleged Misconduct ........ 7

III. Termination of Realtek and the Investigation ........ 9

IV. Realtek's Sanctions Motion, Order No. 75, And Its Changing Position on Its Sanctions Request ........ 10

A. Realtek's Motion for Sanctions ........ 10

B. Order No. 75 Denying Realtek's Motion ........ 13

C. Realtek's Petition for Commission Review of Order No. 75 ........ 15

SUMMARY OF THE ARGUMENT ........ 16

ARGUMENT ........ 19

I. Standard Of Review ........ 19

II. The Commission's Non-Issuance of a Show Cause Order is Committed to Its Discretion and Is Not Reviewable ........ 20

III. This Court Lacks Jurisdiction Over the Non-Issuance of a Show Cause Order Sua Sponte ........ 26

IV. Realtek Does Not Have Standing to Appeal the Commission's Non-Issuance of a Show Cause Order ........ 30

A. Realtek Has Not Shown Redressability by This Court ........ 30

**TABLE OF CONTENTS (cont'd)**

B. Realtek Has Not Shown Causation Between Its Alleged Injury and the Commission's Non-Issuance of a Show Cause Order......33

C. Realtek Has Not Shown a Concrete Injury in Fact......34

V. Realtek Waived Any Right to Appeal Denial Of Its Alleged "Request" For a Show Cause Order Because It Did Not Make That Request First To the ALJ......36

VI. The Commission's Non-Issuance Of A Show Cause Order Is Not Arbitrary, Capricious, or a Failure To Exercise Discretion, Even If Such Standards Applied......38

CONCLUSION......43

# TABLE OF AUTHORITIES

**Cases** **Page(s)**

*Almond Bros. Lumber Co. v. United States*,
721 F.3d 1320 (Fed. Cir. 2013) ....................19, 23, 25

*Amarin Pharma, Inc. v. ITC*,
923 F.3d 959 (Fed. Cir. 2019) ....................17, 27

*Anaya-Aguilar v. Holder*,
683 F.2d 369 (7th Cir. 2012) ....................22

*Apple Inc. v. Vidal*,
63 F.4th 1 (Fed. Cir. 2023) ....................20, 21, 25

*Bowman Transp., Inc. v. Arkansas-Best Freight Sys., Inc.*,
419 U.S. 281 (1974)....................42

*Brooking v. Branham*,
727 F. App'x 884 (7th Cir. 2018) ....................40

*Clapper v. Amnesty Int'l USA*,
568 U.S. 398 (2013)....................35

*ED Cap., LLC v. Bloomfield Inv. Res. Corp.*,
316 F.R.D. 77 (S.D.N.Y. 2016) ....................31

*FS.com Inc. v. ITC*,
65 F.4th 1373 (Fed. Cir. 2023) ....................20

*Fuller v. Whitaker*,
914 F.3d 514 (7th Cir. 2019) ....................*passim*

*Hazani v. ITC*,
126 F.3d 1473 (Fed. Cir. 1997) ....................37

*Heckler v. Chaney*,
470 U.S. 821 (1985)....................*passim*

**TABLE OF AUTHORITIES (cont'd)**

**Cases (cont'd)** **Page(s)**

*James v. Jacobson*,
6 F.3d 233 (4th Cir. 1993) ....................40

*Kyocera Wireless Corp. v. ITC*,
545 F.3d 1340 (Fed. Cir. 2008) ....................37

*Nat'l Fam. Plan. & Reprod. Health Ass'n, Inc. v. Gonzales*,
468 F.3d 826 (D.C. Cir. 2006)....................33

*Organik Kimya, San. ve Tic. A.S. v. ITC*,
848 F.3d 994 (Fed. Cir. 2017) ....................20, 29

*Radcliffe v. Rainbow Const. Co.*,
254 F.3d 772 (9th Cir. 2001) ....................39, 42, 43

*Salazar-Merroquin v. Barr*,
969 F.3d 814 (7th Cir. 2020) ....................22, 40

*Steel Co. v. Citizens for a Better Env't*,
523 U.S. 83 (1998)....................*passim*

*Swagway, LLC v. ITC*,
934 F.3d 1332 (Fed. Cir. 2019) ....................42

*Tamenut v. Mukasey*,
521 F.3d 1000, 1004-05 (8th Cir. 2008) (en banc)....................22, 23, 40

*Viscofan, S.A. v. USITC*,
787 F.2d 544 (Fed. Cir. 1986) ....................27

*Walker v. Health Int'l Corp.*,
845 F.3d 1148 (Fed. Cir. 2017) ....................31

**USITC Administrative Decisions**

*Certain Auto. GPS Navigation Sys., Components Thereof, and Prods. Containing Same*, Inv. No. 337-TA-814, Order No. 8, 2012 WL 1637516 (May 8, 2012) ....................*passim*

## TABLE OF AUTHORITIES (cont'd)

**USITC Administrative Decisions (cont'd)** **Page(s)**

*Certain Blood Separation and Cell Preparation Devices*, Inv. No. 337-TA-1147, Order No. 16, 2019 WL 7480766 (Dec. 20, 2019) ....24, 31, 41

*Certain Coaxial Cable Connectors, Components Thereof and Prods. Containing Same*, Inv. No. 337-TA-938, Order No. 10, 2015 WL 6073934 (Sept. 25, 2015) ....25, 41

*Certain Dental and Orthodontic Scanners and Software*, Inv. No. 337-TA-1144, Order No. 38, 2019 WL 5677978 (Oct. 16, 2019) ....11, 36

*Certain Insulin Delivery Devices, Including Cartridges Having Adaptor Tops and Components Thereof*, Inv. No. 337-TA-572, Order No. 5, 2007 WL 432059 (Jan. 29, 2007) ....24, 34, 41

**Statutes**

5 U.S.C. § 701(a)(2) ....*passim*

5 U.S.C. § 706 ....*passim*

15 U.S.C. § 78u-4(c) ....23

19 U.S.C. § 1337(c) ....*passim*

19 U.S.C. § 1337(d) ....*passim*

19 U.S.C. § 1337(e) ....*passim*

19 U.S.C. § 1337(f) ....*passim*

19 U.S.C. § 1337(g) ....*passim*

19 U.S.C. § 1337(h) ....*passim*

28 U.S.C. § 1295(a)(6) ....17, 26

31 U.S.C. § 3302(b) ....3, 32

## TABLE OF AUTHORITIES (cont'd)

**Regulations** **Page(s)**

19 C.F.R. § 210.4(c) ........ *passim*

19 C.F.R. § 210.4(d) ........ *passim*

19 C.F.R. § 210.15(c) ........ 11

19 C.F.R. § 210.25 ........ *passim*

19 C.F.R. § 210.43 ........ 15

**Rules**

Fed. R. Civ. P. 11 ........ *passim*

**Secondary Sources**

BLACK'S LAW DICTIONARY (11th ed. 2019) ........ 21

## STATEMENT OF RELATED CASES

This appeal may affect or be affected by this Court's decision in Realtek Semiconductor Corporation's ("Realtek") appeal from the Commission's determination on sanctions and declassification in *Realtek Semiconductor Corp. v. International Trade Comm'n*, Appeal No. 23-1187 (Fed. Cir. 2023) (appeal from Inv. No. 337-TA-1295).

The Commission further notes that this appeal focuses on its rules regarding sanctions for abuse of process. *See* 19 C.F.R. § 210.4(c), (d). Those rules are modeled by statute on Federal Rule of Civil Procedure 11 ("FRCP 11" or "Rule 11"). *See* 19 U.S.C. § 1337(h). In particular, Commission Rule 210.4(d)(1)(i), which governs sanctions proceedings initiated on a party's motion, resembles FRCP 11(c)(2). *Compare* 19 C.F.R. § 210.4(d)(1)(i) *with* Fed. R. Civ. P. 11(c)(2). Commission Rule 210.4(d)(1)(ii), which authorizes an administrative law judge ("ALJ") or the Commission to self-initiate sanctions proceedings sua sponte, resembles FRCP 11(c)(3). *Compare* 19 C.F.R. § 210.4(d)(1)(ii) *with* Fed. R. Civ. P. 11(c)(3). Thus, this Court's decision may have substantial repercussions on Rule 11 practice in federal courts, including the reviewability of a court's non-initiation of a sanctions proceeding sua sponte, per FRCP 11(c)(3).

The Commission has no information regarding any other related cases, other than those identified by Realtek and Intervenor/Complainant DivX, LLC ("DivX").

## JURISDICTIONAL STATEMENT

The Commission disagrees with Realtek's Jurisdictional Statement.

Realtek contends its appeal is from the Commission's adoption of the ALJ's Order No. 75, which denied Realtek's motion for sanctions for abuse of process under Commission Rule 210.4(d)(1)(i). *Certain Video Processing Devices, Components Thereof, and Digital Smart Televisions Containing Same*, Inv. No. 337-TA-1222 (Sanctions Proceedings I and II), Order No. 75 (April 22, 2022) (Appx2231-2235), *unreviewed by* Comm'n Opinion (Sept. 13, 2022) (Appx17-26). Realtek, however, is not appealing the Commission's denial of its sanctions motion or even disputing the findings that supported that denial. Appx2232-2233.

Realtek's only argument is that the Commission, after denying Realtek's sanctions motion, supposedly abused its discretion by *not* self-initiating a sanctions proceeding for abuse of process and *not* issuing a show cause order sua sponte, pursuant to under Commission Rule 210.4(d)(1)(ii). Realtek, however, did not ask the ALJ to issue a show cause order sua sponte, so its request to the Commission in its petition for review was untimely, as discussed below. Realtek also cites no authority to show that the Commission's non-issuance of a discretionary show cause order under Commission Rule 210.4(d)(1)(ii) is subject to judicial review. *See* 19 C.F.R. § 210.4(d)(1)(ii); *Heckler v. Chaney*, 470 U.S. 821, 828 (1985)

(agency actions committed to agency discretion by law are not reviewable, pursuant to 5 U.S.C. § 701(a)(2)).

Even if it were reviewable, the Commission's non-issuance of a show cause order sua sponte is not among the "final determinations" under sections 337(d)-(g) that are appealable to this Court. *See* 19 U.S.C. § 1337(c) (list of appealable final determinations does not include sanctions matters under section 337(h)). Indeed, the Commission did not make, nor could it have made, any final determination under section 337(d)-(g) because this investigation was terminated, without objection or delay by Realtek, before the ALJ made any final determination on the merits.

Also, Realtek has not shown, and cannot show, it has standing. Realtek's alleged injury is the direct result of its own failure to abide by the safe harbor and timeliness requirements in the Commission's rules for sanctions motions, and not the Commission's non-issuance of a sua sponte show cause order. Appx17; Appx23; Appx2232-2233. Realtek has also failed to establish any actual injury, and it cannot obtain the monetary sanctions it seeks because the investigation was terminated without the issuance of a show cause order. Even if monetary sanctions could be awarded (which they cannot), they cannot be retained by the Commission or used for educational or compensatory purposes, as proposed by Realtek. *See, e.g.*, 31 U.S.C. § 3302(b).

These and other issues will be addressed further below.

## STATEMENT OF THE ISSUES

The Commission respectfully submits the following statement of the issues:

1. Whether the Commission's non-issuance of a show cause order sua sponte under Commission Rule 210.4(d)(1)(ii) is "committed to agency discretion by law" and not subject to judicial review, pursuant to 5 U.S.C. § 701(a)(2).

2. Whether this Court lacks jurisdiction over the Commission's non-issuance of a show cause order because that kind of discretionary non-action is not a final determination on the merits under 19 U.S.C. § 1337(d)-(g) or equivalent to such a final determination.

3. Whether Realtek lacks standing to bring this appeal, where Realtek is singularly responsible for its own failure to abide by the Commission's safe harbor and timeliness rules, where Realtek has failed to show any injury in fact, where Realtek did not contest or seek to delay termination of this investigation to obtain a show cause order prior to termination, and where this Court cannot award the kind of monetary sanctions sought by Realtek.

4. Whether Realtek waived its request for a show cause order and its arguments for issuance of such an order by failing to make them first before the ALJ before raising them for the first time in its petition for Commission review.

5. Whether the Commission's non-issuance of a show cause order sua sponte was arbitrary, capricious, or a failure to exercise discretion, when that non-action was consistent with its safe harbor rules and previous Commission decisions denying requests for show cause orders where those or other rules were violated.

## STATEMENT OF THE CASE

Realtek all but admits in its Statement of the Case that it was the architect of its failure to satisfy the Commission's safe harbor and timeliness rules, which resulted in the Commission's denial of its motion for sanctions under Commission Rule 210.4(d)(1)(i). *See* Realtek's Br. at 4-9, 12-14. Realtek thus contradicts its central premise that it did not know, and could not have known, of DivX's alleged abuse of process until the evidentiary hearing. *See id.* at 4, 6-7, 13-14, 20.

The Commission has not taken a position on the merits of Realtek's allegations of "misconduct" or DivX's infringement contentions, so it will not address them here. *See id*. at 9-20. This response will focus instead on those issues relevant to the Commission's non-issuance of a show cause order sua sponte, the only issue that Realtek has raised on appeal.

### I. PROCEDURAL HISTORY

The Commission instituted this Investigation on October 19, 2020, based on a complaint filed by DivX of San Diego, California. Appx4227-4228. DivX accused Realtek and other respondents of violating section 337 of the Tariff Act, as

amended, 19 U.S.C. § 1337, by importing, selling for importation, or selling in the United States after importation certain video processing devices and related articles that allegedly infringe one or more of DivX's asserted patents. Appx4227.

DivX's complaint named almost twenty respondents, including Realtek and certain TCL entities, namely, TCL Corporation of Huizhou, Guangdong, China; TCL Technology Corporation of Huizhoug, Guangdong, China; TCL Electronics Holdings Ltd. of Shenzhen, Guangdong, China; TTE Technology, Inc. of Corona, California; Shenzhen TCL New Technologies Co. of Shenzhen, Guangdong, China; TCL King Electrical Appliances Co. of Huizhou, Guangdong, China; TCL MOKA International Ltd. of Sha Tin, New Territories, Hong Kong; and TCL Smart Device (Vietnam) Co., Ltd. of Bac Tan Uyen District, Binh Duong Province, Vietnam (collectively, "TCL"). Appx4228.

By the time of the evidentiary hearing in July 2021, the Commission had terminated the investigation with respect to the other respondents due to settlements or withdrawal of the complaint, leaving Realtek and TCL as the only remaining respondents. *See* Appx2325-2326. The Commission eventually terminated Realtek and TCL, and hence the investigation, before the ALJ made a final determination on the merits. Appx2236-2239 (Order No. 76, TCL); Appx2325-2327 (Notice, TCL); Appx4229-4236 (Order No. 67, Notice, Realtek).

## II. REALTEK'S KNOWLEDGE OF DIVX'S ALLEGED MISCONDUCT

Realtek contends that "DivX's [alleged] misconduct was not revealed until the evidentiary hearing." *See* Realtek's Br. at 4, 6-7, 14-20. This contention, however, contradicts Realtek's assertions that it informed DivX "[t]hroughout the proceedings before the Commission" that DivX's infringement theories allegedly "lacked support and were baseless." *Id.* at 5. In particular, Realtek asserts that it warned DivX through its discovery responses in October 2020, and again in a letter dated November 17, 2020, that it believed DivX's theories were misleading and lacked factual support. Appx2365; Appx2373-2383; *see also* Appx2233.

Realtek repeated these concerns during the *Markman* proceedings. DivX served its original infringement contentions on Realtek on February 8, 2021, three days before the *Markman* hearing. *See* Realtek's Br. at 9-10; Appx2537-2538 (sample pages). Realtek contends that once the ALJ issued the *Markman* order on March 12, 2021 (Appx53-54), it became aware "that DivX [allegedly] had no claim against Realtek" under those claim constructions. Realtek's Br. at 11.

Realtek also claims it warned DivX on April 6, 2021, that it would be moving to sanction DivX for its allegedly frivolous contentions. *Id.* at 11-12; Appx2431-2436. DivX denied these accusations and served revised infringement contentions on April 8, 2021. Appx2438-2443. Realtek did not follow through on

its sanctions threat by serving a draft sanctions motion on DivX at that time or any other time prior to filing its sanctions motion in October 2021.

On June 7, 2021, Realtek filed a motion *in limine* no. 2 to preclude DivX from raising its allegedly new and untimely infringement theories at the hearing. Appx1102-1112; Appx1127-1132. DivX opposed the motion. Appx1103-1104. The ALJ granted Realtek's motion *in limine* on June 30, 2021. Appx1338-1339. The ALJ denied DivX's motion for reconsideration, but she did grant DivX's request to be allowed to show that its infringement theories were not untimely because DivX had supposedly included them in its original infringement contentions. *See* Appx1340-1343; Appx1366-1372 (Hr'g Tr. (ALJ) 26:5-15, 26:21-28:15, 29:1-12, 29:23-30:2, 30:21-31:21, 32:11-18).

In sum, Realtek admits it believed DivX's infringement contentions were unsupported as early as October or November 2020, or at least by April 2021, when it warned DivX it would be filing a motion for sanctions. *See* Realtek's Br. at 5, 11-12; Appx2365; Appx2373-2383; *see also* Appx2233. Realtek thus admits that it knew of DivX's alleged abuse of process for either 3 or 9 months before the evidentiary hearing in July 2021, and for nearly a year before it finally filed its sanctions motion in October 2021. Appx2024; Appx2231-2232.

## III. TERMINATION OF REALTEK AND THE INVESTIGATION

On July 6, 2021, two days before the evidentiary hearing was scheduled to begin, DivX filed an unopposed motion to withdraw its complaint and terminate the investigation with respect to Realtek. *See* Realtek's Br. at 6; Appx4229. The ALJ orally granted DivX's motion to terminate Realtek on that date and instructed Realtek not to participate in the upcoming hearing. Realtek's Br. at 6.

The evidentiary hearing was held from July 8-15, 2021, with TCL being the only participating respondent. *Id.* Realtek contends that DivX and its expert, Dr. Reinman, "presented false and misleading testimony" during the hearing. *Id.* at 6-7, 14-20. Realtek, however, does not identify any specific "pleading, written motion, or other paper" that was "sign[ed], fil[ed], submitt[ed], or later advocat[ed]" by DivX or its counsel and served as the basis for the alleged abuse of process, as required by Commission Rules 210.4(c), (d). TCL did not join Realtek's sanctions motion or file one of its own, even though TCL was the only remaining respondent that could still be affected by the hearing.

On July 16, 2021, the day after the evidentiary hearing concluded, the ALJ issued Order No. 67 formally granting DivX's motion to terminate Realtek. Appx4229-4232. On August 4, 2021, the Commission did not review, and thus adopted, Order No. 67. Appx4233-4236. This was two months before Realtek

filed its motion on October 4, 2021, seeking sanctions against DivX for alleged abuse of process. Appx2022-2025; Appx2057-2059.

In April 2022, DivX moved to terminate TCL, the last respondent, based on a settlement agreement. Appx2289-2292. The ALJ granted DivX's motion on April 22, 2022. Appx2236-2239. The Commission adopted the order and terminated the investigation on May 27, 2022. Appx2325-2327.

## IV. REALTEK'S SANCTIONS MOTION, ORDER NO. 75, AND ITS CHANGING POSITION ON ITS SANCTIONS REQUEST

### A. Realtek's Motion for Sanctions

On October 4, 2021, Realtek filed a motion to sanction DivX for alleged abuse of process, pursuant to Commission Rules 210.4 and 210.25.[1] Appx2022-2025; Appx2057-2060. This was three months after the ALJ orally granted DivX's

---

[1] In particular, Realtek accused DivX of engaging in four allegedly sanctionable activities: (1) prolonging Realtek's involvement in the 1222 Investigation after the *Markman* order (Order No. 40) issued; (2) making false and misleading representations to the ALJ to keep its claims alive and avoid sanctions; (3) abusing section 337 "as part of a scheme to divide companies in the supply chain and extort settlement payments from intermediate suppliers"; and (4) knowingly pursuing frivolous claims to improperly obtain discovery from a Taiwanese corporation outside the Commission's jurisdiction. Appx2024; Appx2231-2232. Few, if any, of these activities relate to abuse of process under Commission Rule 210.4(c). Realtek, moreover, does not identify the specific pleading(s), motion(s), or writing(s) that allegedly gave rise to the supposed abuse of process.

motion to terminate Realtek and two months after the Commission terminated Realtek from the investigation.

Contrary to its present contentions, Realtek's sanctions motion did not "ask[] the ALJ to issue an order to show cause under Commission Rule 210.4(d)(1)(ii)," nor did it "explicitly invoke[] the ALJ's authority to issue an order to show cause, and to impose sanctions" under that Rule.[2] Realtek's Br. at 2, 4-5, 7-8, 28; *see generally* Appx2044-2057 ("Discussion"). Rather, Realtek's sanctions brief included only a single sentence in its "Legal Standard" section, which made the following unremarkable observation that an ALJ has certain sua sponte authority:

> *The ALJ also has the inherent power to police misconduct before her*. *See* 19 C.F.R. § 210.4(d)(1)(ii) ("The administrative law judge or the Commission may enter an order *sua sponte* describing the conduct that appears to violate paragraph (c) of this section"); *Certain Dental & Orthodontic Scanners & Software*, Inv. No. 337-TA-1144, Order No. 38 (Oct. 16, 2019) (ordering complainant to show cause why it should not be sanctioned for requiring respondent to spend time responding to frivolous motion).

---

[2] This Court should disregard Realtek's reply in support of its sanctions motion and its attempt to rely upon that reply in this appeal. *See* Realtek's Br. at 8. Realtek admits that neither the ALJ nor the Commission granted it leave to file its proposed reply. *Id.* at 9 n.4; *see also* Appx2231-2235 (making no mention of reply brief). Without such leave, Realtek had no right to file a reply and thus has no right to rely upon it on appeal, as it is not properly part of the record on appeal. *See* 19 C.F.R. § 210.15(c). Realtek's reply is also unavailing on its merits because, once again, Realtek failed to ask the ALJ to issue a show cause order sua sponte or argue why such an order would have been appropriate. *See* Appx2207-2220.

Appx2043 (emphasis added).

Realtek did not request a show cause order or make any of the arguments it is presently making to this Court until it filed its petition for Commission review of the ALJ's Order No. 75. *See* Appx2351-2352; Appx2359. As explained later, Realtek's request for a show cause order in its petition for review was untimely as well as unfounded.

Realtek also admits it did not comply with the safe harbor provisions of Commission Rule 210.4(d)(1)(i), which require that a party serve a copy of its proposed sanctions motion on the opposing party and then wait seven days before filing that sanctions motion. Realtek's Br. at 4-5, 6-8, 26. Realtek unilaterally proclaims, without support, that the safe harbor rule supposedly did not apply in this case, but it does not explain why it did not even attempt to comply by serving a draft motion and then waiting seven days before filing it. *See id.*

Realtek also does not adequately explain its months-long delay in filing its sanctions motion. Realtek admits it came to believe DivX's contentions were without merit as early as October or November 2020; it threatened to move for sanctions as early as April 2021; and the hearing was not held until July 2021. *See id.* at 5, 11-12; Appx2365; Appx2373-2383; *see also* Appx2233. It is certainly unfortunate that the mother of Realtek's lead counsel suffered a stroke during the hearing, but Realtek does not explain why any of its other attorneys could not have

obtained the necessary information and prepared and served its sanctions motion before October 2021.[3] *Id.* at 7. Realtek also does not explain why it was able to serve a similar sanctions motion in the corresponding district court case on March 7, 2021 – seven months before it filed its sanctions motion in the Commission. *See* Appx2022, Appx2055 (discussing Appx2407-2413; Appx2427-2429).

Realtek's original motion sought attorneys' fees and costs "incurred after April 6, 2021," up to its termination in July 2021. Appx2022; Appx2052. Realtek changed that request in its petition for review and on appeal, as explained below.

**B. Order No. 75 Denying Realtek's Motion**

On April 22, 2022, the ALJ issued Order No. 75 denying Realtek's motion for sanctions. Appx2231-2235. The ALJ opened her analysis by stating "[w]hile much might be said about the discovery difficulties and delays in this case as well as the merits of each party's arguments, the merits need not be reached" due to the procedural failings of Realtek's motion. Appx2232. The ALJ then treated Realtek's motion for what it was – a defective motion that was supposedly brought

[3] For example, Realtek's Certificate of Interest lists 15 attorneys, plus its principal attorney, who have appeared or may appear on its behalf. Realtek's Br. at ii-iii.

under Commission Rules 210.4(d)(1)(i) and 210.25(a)(1) but failed to comply with their safe harbor and timeliness requirements, respectively. Appx2233.

First, the ALJ found that "[t]here are problems with the dilatory timing of Realtek's Motion." Appx2233. The ALJ found that Realtek had unreasonably delayed filing its sanctions motion for almost a year after it had first informed DivX of the allegedly frivolous nature of its infringement contentions (October 2020), and at least seven months after Realtek allegedly informed DivX that it should be dismissed from the investigation (March 2021). Appx2233. The ALJ concluded that Realtek violated Commission Rule 210.25(a)(1) by failing to file its sanctions motion "promptly" after the time "when it believed and claimed that DivX's process abuse began." Appx2233.

Second, the ALJ held that "Realtek also failed to comply with the clear requirements of notice and the safe harbor provisions of Commission Rule 210.4(d)(1)(i)." Appx2233. Realtek, the ALJ noted, did not serve DivX with a draft sanctions motion containing its allegations or wait the requisite seven (7) days before it filed its sanctions motion on October 4, 2021. Appx2233. Absent a draft motion, the ALJ found that the e-mails and other informal notices of concern that Realtek had served on DivX over a period of months did not satisfy the safe harbor and notice requirements of Commission Rule 210.4(d)(1)(i). Appx2233.

As noted earlier, Realtek did not ask the ALJ to issue a show cause order or argue why such an order was supposedly warranted. *See* Appx2043. The ALJ was not required to act on her own initiative under Commission Rule 210.4(d)(1)(ii), particularly after she had already denied Realtek's motion for failing to comply with Commission Rule 210.4(d)(1)(i) or 210.25(a)(1). Appx2232-2233.

### C. Realtek's Petition for Commission Review of Order No. 75

Realtek filed a petition with the Commission to review and reverse the ALJ's Order No. 75, pursuant to 19 C.F.R. § 210.43. Appx2328-2331; Appx2361. Realtek accused the ALJ, without basis, of abusing her discretion by not granting Realtek's fictitious "request for her to exercise her sua sponte authority to issue an order to show cause." Appx2351-2352; Appx2359; *see also* Appx2043. As noted earlier, Realtek did not ask for a show cause order or argue why such an order was appropriate until it filed its petition for review. Appx2351-2352; Appx2359.

Realtek also changed its sanctions request at the Commission's review stage. Whereas Realtek's sanctions motion originally sought reimbursement for its costs and fees to be paid directly to Realtek, Realtek's petition asked that any sanctions be paid into "a Commission fund that the Commission can use to educate and deter future misconduct" and "warn parties about the obligation to strictly comply with its rules." Appx2336; Appx2358-2359. Realtek changed its request again on appeal, when it stated it plans to "donate the sanctions it recovers to those in need

in Washington, D.C., who suffer from price increases caused, in part, by meritless litigation of the type at issue in this Investigation." Realtek's Br. at 5.

While Realtek's petition for review was pending, DivX cross-moved for sanctions, arguing that Realtek's petition was itself frivolous, unfounded, and an abuse of process. Appx2697-2699; Appx2702-2707. DivX, unlike Realtek, complied with the safe harbor requirements in the Commission's rules. Appx2735.

On September 13, 2022, the Commission denied Realtek's petition and affirmed Order No. 75 without comment. Appx17; Appx23. The Commission also denied DivX's cross-motion to sanction Realtek for filing a frivolous petition. Appx17; Appx24-25. DivX did not appeal, but Realtek did.

## SUMMARY OF THE ARGUMENT

Realtek's entire appeal is nothing less than an unwarranted attempt to escape responsibility for its own failure to abide by the Commission's safe harbor and timeliness requirements under Commission Rules 210.4(d)(1)(i) and 210.25(a)(1). Rather than address those problems directly, Realtek seeks to sidestep those procedural requirements by asking this Court to order the Commission to issue a show cause order sua sponte under Commission Rule 210.4(d)(1)(ii) instead.

The issuance or non-issuance of a show cause order sua sponte, however, is committed to the ALJ's or Commission's "initiative" under Commission Rule 210.4(d)(1)(ii). In other words, it is "committed to agency discretion by law" and

thus is not subject to judicial review. *See* 5 U.S.C. § 701(a)(2); *Heckler*, 470 U.S. at 828. Realtek cites no authority that holds that a court may review, reverse, or remand the Commission's non-issuance of a show cause order, or otherwise order the Commission to issue such an order. Nor has Realtek cited any case where a court of appeals has reviewed, reversed, or vacated a district court's non-issuance of a show cause order under the analogous provisions of FRCP 11(c)(3).

Moreover, the Commission's non-issuance of a show cause order is not an appealable final determination on the merits under 19 U.S.C. § 1337(d)-(g), nor is it the equivalent of any such final determination or related to one. *See* 19 U.S.C. § 1337(c); 28 U.S.C. § 1295(a)(6); *Amarin Pharma, Inc. v. ITC*, 923 F.3d 959, 963 (Fed. Cir. 2019). Indeed, the Commission did not make, nor could it have made, a final determination on the merits because this investigation was terminated before any such final determination was made. Thus, this Court does not have jurisdiction under 19 U.S.C. § 1337(c) or 28 U.S.C. § 1295(a)(6).

Realtek also cannot satisfy the "irreducible constitutional minimum of standing." *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 102-03 (1998). Realtek cannot show it has suffered any actual or imminent injury or that it is fairly traceable to the Commission's non-issuance of a show cause order, because Realtek is responsible for its own failure to satisfy the Commission's safe harbor and timeliness rules. *See id.* at 103. Realtek also cannot show its alleged injury

can be redressed by its requested relief. *See id.* Indeed, Realtek cannot obtain monetary sanctions at all, because monetary sanctions cannot be imposed unless a show cause order has been issued prior to termination of the investigation, and Realtek did not contest, and does not now contest, the termination of this investigation. *See* 19 C.F.R. § 210.4(d)(2)(iii)(A).

To the extent Realtek ever had any right to appeal the alleged denial of its request for a show cause order, Realtek waived that right when it failed to make such a request with its supporting arguments first before the ALJ. Realtek did not make this request until it petitioned the Commission to review the ALJ's denial of its sanctions order (Order No. 75). Realtek thus failed to preserve the denial of its alleged request for a show cause order for review or appeal.

There is also no basis to find that the Commission failed to exercise its discretion, or acted arbitrarily or capriciously, in denying Realtek's alleged request for a show cause order. The Commission's non-issuance of a show cause order is consistent not only with its own safe harbor and other procedural rules, but also decisions by other ALJs who have denied "requests" for show cause orders where the requesting party has violated the Commission's safe harbor or other rules.

Thus, Realtek's appeal should be dismissed or, if not dismissed, then denied.

## ARGUMENT

### I. STANDARD OF REVIEW

Realtek does not cite, nor has the Commission found, any case in which this Court has reviewed, reversed, or remanded the non-issuance of a show cause order under Commission Rule 210.4(d)(1)(ii) or the corresponding provision in Rule 11.[4]

This Court reviews the Commission's final determinations under section 337 in accordance with the judicial review provisions of the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701 *et seq*. *See* 19 U.S.C. § 1337(c). Before judicial review may be had under the APA, however, "a party must first clear the hurdle of [5 U.S.C. § 701(a)(2)]," which "precludes judicial review of agency actions that are committed to agency discretion by law." *See Almond Bros. Lumber Co. v. United States*, 721 F.3d 1320, 1326 (Fed. Cir. 2013) (internal quotations omitted; citing *inter alia Heckler*, 470 U.S. at 828). Non-enforcement decisions are generally recognized as being among those "committed to agency discretion by

---

[4] The Commission's rules governing sanctions for abuse of process are patterned after Federal Rule of Civil Procedure 11. *See* 19 U.S.C. § 1337(h) (authorizing the Commission to prescribe sanctions for abuse of process to the extent permitted by FRCP 11 and 37, respectively). Like Rule 11, the Commission Rules on abuse of process provide that an ALJ or the Commission may award sanctions either in response to a motion filed by a party (Rule 210.4(d)(1)(i)) or as a result of a proceeding commenced on its own "initiative" (Rule 210.4(d)(1)(ii)). *Compare* 19 C.F.R. §§ 210.4(d)(1), 210.25(a) *with* Fed. R. Civ. P. 11(c).

law" and thus not reviewable. *See Apple Inc. v. Vidal*, 63 F.4th 1, 14 n.6 (Fed. Cir. 2023) (citing *inter alia* 5 U.S.C. § 701(a)(2); *Heckler*, 470 U.S. at 831-32).

In cases where judicial review lies and this Court has jurisdiction (*i.e.*, those involving a final determination on the merits under section 337(d), (e), (f), or (g) or its equivalent), the Commission's legal determinations are reviewed de novo, its factual determinations are reviewed for substantial evidence, and its determinations granting or denying a motion for sanctions are reviewed for abuse of discretion. *See* 19 U.S.C. §§ 1337(c), (h) (citing 5 U.S.C. § 706); *FS.com Inc. v. ITC*, 65 F.4th 1373, 1376 (Fed. Cir. 2023); *Organik Kimya, San. ve Tic. A.S. v. ITC*, 848 F.3d 994, 1001 (Fed. Cir. 2017). Abuse of discretion requires finding that the sanctions determination: (i) is clearly unreasonable, arbitrary, or fanciful; (ii) is based on an erroneous conclusion of law; (iii) rests on clearly erroneous factual findings; or (iv) follows from a record that contains no evidence on which the decision maker could rationally make a decision. *See Organik Kimya*, 848 F.3d at 1001.

## II. THE COMMISSION'S NON-ISSUANCE OF A SHOW CAUSE ORDER IS COMMITTED TO ITS DISCRETION AND IS NOT REVIEWABLE

Realtek fails to appreciate that the ALJ's and Commission's authority to self-initiate a sanctions proceeding by issuing a show cause order sua sponte lies entirely within their "initiative," or discretion. *See* 19 C.F.R. §§ 210.4(d)(1)(ii), 210.25(a)(2). The Commission's non-issuance of a show cause order is

tantamount to an agency's exercise or non-exercise of its enforcement authority, which is generally regarded as "committed to agency discretion by law" and outside judicial review. *See Apple*, 63 F.4th at 14 n.6 (citing, *inter alia*, 5 U.S.C. § 701(a)(2); *Heckler*, 470 U.S. at 831-32).

To find otherwise would be a contradiction in terms, as it would mean a "sua sponte" act under the Commission's initiative could be demanded by a party or compelled by a court of review. *See* BLACK'S LAW DICTIONARY (11th ed. 2019) (defining "sua sponte" as "[Latin 'of one's own accord; voluntarily']"; "[w]ithout prompting or suggestion; on its own motion").

Realtek cites *Fuller v. Whitaker* in support of its position. *See Fuller v. Whitaker*, 914 F.3d 514, 521 (7th Cir. 2019) (cited in Realtek's Br. at 22 n.8, 26). *Fuller*, however, involves a completely different fact pattern and statutory framework (immigration) than the underlying investigation, and thus has little or no bearing on the Commission, its statute or rules, sanctions proceedings, or this appeal. In any event, *Fuller* held that an immigration board's decision not to reopen a removal proceeding sua sponte is not subject to any "meaningful standard" and is not reviewable. *See id.* at 518-19 (collecting cases). Thus, to the extent *Fuller* might be relevant here, if at all, it supports the Commission's position

that its non-issuance of a show cause order, like a decision not to reopen proceedings sua sponte, is not reviewable.[5] *See id.*

Moreover, Commission Rule 210.4(d)(1)(ii) does not promise some means of fallback or alternative relief for parties that fail to satisfy Commission Rule 210.4(d)(1)(i), as Realtek assumes. The two rules are distinct. Commission Rule 210.4(d)(1)(i) is singularly directed to sanctions proceedings initiated by a party's motion. In contrast, Commission Rule 210.4(d)(1)(ii) is directed to self-initiation

---

[5] After holding that the immigration board's decision on whether to reopen proceedings was not reviewable on its merits, the Seventh Circuit nonetheless proceeded to hold that it could review the board's decision for constitutional or legal errors, such as whether the board's rationale for denying a motion to reopen proceedings indicated that it had ignored evidence submitted by the petitioner. *See Fuller*, 914 F.3d at 519, 521. *Fuller*'s exception for constitutional and legal challenges is inconsistent with the position of the majority of circuits, which have considered the same rule and found that the board's decision whether to reopen proceedings sua sponte is committed to agency discretion by law and thus is not reviewable (although the Eighth Circuit, for example, will consider constitutional challenges). *See*, *e.g.*, *Tamenut v. Mukasey*, 521 F.3d 1000, 1004-05 (8th Cir. 2008) (en banc) (collecting cases). Accordingly, two members of a three-judge panel of the Seventh Circuit recently called on that Court to revisit *Fuller* en banc and find that the board's broad discretion in these matters precludes judicial review. *See Salazar-Merroquin v. Barr*, 969 F.3d 814, 819 (7th Cir. 2020) (concurring opinion, Scudder, J., joined by Brennan, J., citing, *inter alia*, *Anaya-Aguilar v. Holder*, 683 F.3d 369, 372-73 (7th Cir. 2012) (finding board's exercise of its sua sponte authority is not reviewable, per *Tamenut, supra*)). Realtek's reliance on *Fuller* is thus misplaced. Even if *Fuller* were relevant and the majority view (which it is not), Realtek points to no constitutional or legal error that would be cognizable by the majority of the circuits, especially upon finding that it was Realtek that violated the Commission's safe harbor and timeliness rules.

of a sanctions proceeding by an ALJ or the Commission, but it makes no provision to authorize any party to "move" the ALJ or the Commission to issue a show cause order sua sponte to institute a sanctions proceeding. Thus, there is no requirement that the ALJ or Commission issue a show cause order or explain why it did not do so on its own initiative, regardless of any "motion" or request from a party.[6]

As a result, there is also "no meaningful standard against which to judge the [ALJ's or Commission's] exercise of discretion" in determining whether to issue a show cause order sua sponte. *See Almond Bros.*, 721 F.3d at 1326 (citing *Heckler*, 470 U.S. at 830). The Commission applied the only applicable standards when it denied Realtek's motion for failing to abide by the safe harbor and timeliness rules. Appx2232-2233. There is no meaningful standard to apply with respect to issuing a show cause order sua sponte. For these reasons as well, the Commission's non-issuance of a show cause order sua sponte is not reviewable on appeal. *See Tamenut*, 521 F.3d at 1004-05 (finding board decision whether to reopen proceedings sua sponte to be non-reviewable); *see also Fuller*, 914 F.3d at 519 (finding board decision whether to reopen proceedings sua sponte to be

---

[6] In contrast, the Private Securities Litigation Reform Act requires district courts to make findings on whether parties have met their Rule 11 obligations, after having given the parties notice and an opportunity to respond. 15 U.S.C. § 78u-4(c)(1), (2). There is no such provision in section 337 or the Commission's Rules.

unreviewable except for constitutional or legal errors, which are not present or cognizable here).[7]

While there have been individual cases where an ALJ or the Commission has entertained a request for a show cause order (even if it was erroneously styled as a "motion"), Realtek cites no authority to indicate that these cases established any kind of standard or practice that the Commission must follow in exercising its initiative or making other sua sponte decisions under Rule 210.4(d)(1)(ii). There have been at least as many cases, if not more, where ALJs refused to issue show cause orders because the safe harbor or other rules had been violated. *See*, *e.g.*, *Certain Auto. GPS Navigation Sys., Components Thereof, and Prods. Containing Same*, Inv. No. 337-TA-814, Order No. 8 at 3, 2012 WL 1637516, at *1-2 (May 8, 2012), *unreviewed by* Comm'n Notice, 2012 WL 13046439 (June 7, 2012) (denying request for show cause order that would have circumvented safe harbor rule); *Certain Insulin Delivery Devices, Including Cartridges Having Adaptor Tops and Components Thereof*, Inv. No. 337-TA-572, Order No. 5 at 3-4, 2007 WL 432059, at *2 (Jan. 29, 2007) (denying request for show cause order where requestor violated safe harbor rule); *Certain Blood Separation and Cell*

---

[7] *See* footnote 5, *supra.*

*Preparation Devices*, Inv. No. 337-TA-1147, Order No. 16 at 2-4, 2019 WL 7480766, at *1-3 (Dec. 20, 2019) (not issuing show cause order because a motion to withdraw the complaint was filed); *Certain Coaxial Cable Connectors, Components Thereof and Prods. Containing Same*, Inv. No. 337-TA-938, Order No. 10 at 1 n.1, 2015 WL 6073934, at *2 (Sept. 25, 2015) (declining to issue show cause order per Rule 210.4(d)(1)(ii) because requestor failed to identify the "specific conduct alleged to violate Commission Rule 210.4(c)"), *unreviewed by* Comm'n Notice, 2015 WL 13661892 (Oct. 20, 2015).

Each of these decisions rests on the ALJ's initiative, unique considerations of each case, and a "complicated balancing" of the Commission's rules, policies, and other factors that are "peculiarly within [the ALJ's] expertise." *See Almond Bros.*, 721 F.3d at 1326 (citing *Heckler*, 470 U.S. at 831). Thus, a Commission decision not to issue a show cause order sua sponte should be found to be "committed to agency discretion by law" and not subject to judicial review. *See id.*; *see also Apple*, 63 F.4th at 13-14 n.6.

Realtek has not cited, nor has the Commission located, a single case in which this Court has reviewed, reversed, or vacated the non-issuance of a show cause order under Commission Rule 210.4(d)(1)(ii) or mandated that this agency issue a show cause order sua sponte. Nor has Realtek cited any such case involving the corresponding provisions of Federal Rule of Civil Procedure

11(c)(3). In fact, if Realtek's position were taken to its logical conclusion, it would mean that every time a district court was faced with a supposedly sanctionable situation, whether the subject of a motion or not, the court could be subject to judicial review for *not* issuing a show cause order. Such a result would be absurd.

For these reasons, the Commission's decision whether to issue a show cause order sua sponte is committed to its own discretion and is not reviewable.

## III. THIS COURT LACKS JURISDICTION OVER THE NON-ISSUANCE OF A SHOW CAUSE ORDER SUA SPONTE

There is also no merit to Realtek's argument that this matter is an appealable "final determination" by the Commission that falls under this Court's jurisdiction, per 28 U.S.C. § 1295(a)(6). The relevant statutory provision provides:

> The United States Court of Appeals for the Federal Circuit shall have exclusive jurisdiction -- . . . to review the final determinations of the United States International Trade Commission relating to unfair practices in import trade, made under section 337 of the Tariff Act of 1930 (19 U.S.C. 1337).

28 U.S.C. § 1295(a)(6).

The relevant portions of section 337 state the following, with bracketed numbers and paragraph breaks added for clarity and identification purposes:

> [1] Any person adversely affected by a final determination of the Commission under subsection (d), (e), (f), or (g) of this section may appeal such determination, within 60 days after the determination becomes final, to the United States Court of Appeals for the Federal Circuit for review in accordance with chapter 7 of Title 5.

> [2] Notwithstanding the foregoing provisions of this subsection Commission determinations under subsections (d), (e), (f), and (g) of this section with respect to its findings on the public health and welfare, competitive conditions in the United States economy, the production of like or directly competitive articles in the United States, and United States consumers, the amount and nature of bond, or the appropriate remedy shall be reviewable in accordance with section 706 of Title 5.
>
> [3] Determinations by the Commission under subsections (e), (f), and (j) of this section with respect to forfeiture of bonds and *under subsection (h) of this section with respect to the imposition of sanctions for abuse of discovery or abuse of process* shall also be reviewable in accordance with section 706 of Title 5.

19 U.S.C. § 1337(c) (emphasis, bracketed numbers, paragraph breaks added).

The first sentence [1] above is the only one in section 337(c) that contains a statement of jurisdiction. A "final determination" under section 337(c) is a "final administrative decision on the merits, excluding or refusing to exclude articles from entry" under sections 337(d)-(g). *Amarin*, 923 F.3d at 963 (quotations, citations omitted); *see also Viscofan, S.A. v. USITC*, 787 F.2d 544, 552 (Fed. Cir. 1986) (ruling that "would not or could not in any way affect the validity of [an] exclusion order" is not reviewable). Thus, the first sentence specifies: (i) the tribunal whose final determinations can be appealed (*i.e.*, the Commission); (ii) the nature of the final determinations that can be appealed (*i.e.*, a "final administrative

decision on the merits" under sections 337(d)-(g)[8]); (iii) the court to which an appeal may be made (*i.e.*, the U.S. Court of Appeals for the Federal Circuit); and (iv) the applicable statutory standard of review (*i.e.*, 5 U.S.C. §§ 701 *et seq.*). *Id.*

The second sentence [2] above applies to certain determinations (*i.e.*, remedy, public interest, and bonding) that the Commission makes when it finds a violation of section 337, per sections 337(d)-(g). This second sentence does not state, and need not state, that those determinations are appealable to the Federal Circuit because the first sentence already states that the Federal Circuit has jurisdiction over each of these determinations, as they are part of an appealable affirmative final determination under sections 337(d), (e), (f), or (g). Thus, the purpose of the second sentence is not jurisdictional but to set forth the standard of review (*i.e.*, 5 U.S.C. § 706) applicable to Commission determinations on public interest, remedy, and bonding.

The third sentence [3] applies to determinations involving forfeiture of bonds under section 337(e), (f), and (j), as well as determinations under section 337(h) relating to the imposition of sanctions for abuse of discovery and abuse of

---

[8] Specifically, section 337(c) references a final determination made under section 337(d) (exclusion of articles), 337(e) (preliminary relief), 337(f) (cease and desist orders), and section 337(g) (default judgments). 19 U.S.C. § 1337(c).

process. This sentence, the only one in section 337(c) to address sanctions (section 337(h)), identifies the appropriate standard of review under the APA (*i.e.*, 5 U.S.C. § 706), but it does *not* confer upon this Court a concomitant grant of jurisdiction for section 337(h) as there is for sections 337(d)-(g). Thus, the third sentence, like the second sentence, is not an independent grant of jurisdiction, but covers certain determinations that require another, separate jurisdictional provision, like that found in the first sentence. Significantly, this construction means a Commission determination on sanctions that is equivalent to, or provides the basis for, a final determination under sections 337(d)-(g) is appealable like any other final determination under those sections. *See Organik Kimya*, 848 F.3d at 1001 (default judgment imposed as sanction reviewed under abuse of discretion standard). However, a sanctions determination that is not equivalent to a final determination, or provides no basis for such a determination, is not appealable to this Court.

Thus, the Commission's non-issuance of a show cause order sua sponte, which is not a final determination on the merits and does not form the basis of a final determination, is not reviewable by this Court. In fact, there was no final determination on the merits here because the investigation was terminated before the ALJ made any final decision on the merits. *See* Appx2232.

For all these reasons, there is no basis to find that this Court has jurisdiction to review the Commission's non-issuance of a show cause order.

## IV. REALTEK DOES NOT HAVE STANDING TO APPEAL THE COMMISSION'S NON-ISSUANCE OF A SHOW CAUSE ORDER

Realtek all but admits that it lacks standing to bring this appeal. As the party invoking federal jurisdiction, Realtek must show: (1) an "injury in fact" that is "concrete," "actual or imminent, not conjectural or hypothetical"; (2) causation, or "a fairly traceable connection between [Realtek's] injury and the complained-of conduct of the [Commission]"; and (3) redressability, "a likelihood that the requested relief will redress the alleged injury." *Steel*, 523 U.S. at 102-03 (quotations omitted). "This triad of injury in fact, causation, and redressability constitutes the core of Article III's case-or-controversy requirement [*i.e.*, the "irreducible constitutional minimum of standing"], and the party invoking federal jurisdiction bears the burden of establishing its existence." *Id.* at 103-04.

Realtek cannot satisfy any of these elements, and therefore lacks standing to bring this appeal. This appeal should be dismissed as a result.

### A. Realtek Has Not Shown Redressability by This Court

Starting with the third factor, Realtek's alleged injury cannot be redressed by this Court because the Commission cannot issue, or be ordered to issue, the monetary sanctions Realtek is seeking. *See id.*

Neither the ALJ nor the Commission can award monetary sanctions on its own initiative unless it enters a show cause order *before* the investigation is terminated, either in whole or in part with respect to the party proposed to be

sanctioned. *See* 19 C.F.R. § 210.4(d)(1)(iii)(A); *see also* Fed. R. Civ. P. 11(c)(5)(B). Realtek itself cites a case in which an ALJ denied a request for a show cause order because "an [ALJ] may not issue a show cause order after a motion to withdraw the complaint has been filed." *Blood Separation Devices*, 2019 WL 7480766, at *1-3 (cited in Realtek's Br. at 24). In that case, the ALJ held that a party that dismisses a complaint voluntarily, like DivX, "should not be faced with an unexpected order from the court leading to monetary sanctions" because such an order might have affected the party's willingness to dismiss. *Id.* at *2 (quoting the Advisory Committee Notes for Fed. R. Civ. P. 11(c)(5)).

There is also no merit to Realtek's argument that sanctions could be awarded after dismissal without regard to the provisions of the Commission's rules. *See* Realtek's Br. at 8 n.3. The two cases it cites involved inherent post-termination jurisdiction of district courts, not the Commission or another agency. *See, e.g., Walker v. Health Int'l Corp.*, 845 F.3d 1148, 1155 (Fed. Cir. 2017); *ED Cap., LLC v. Bloomfield Inv. Res. Corp.*, 316 F.R.D. 77, 80-81 (S.D.N.Y. 2016). Neither case, then, alters the fact that this Court cannot redress Realtek's alleged injury because the Commission cannot impose monetary sanctions on its initiative after the investigation has been terminated, unless a show cause order issued prior to such termination, pursuant to Commission Rule 210.4(d)(2)(iii).

Also, Realtek is not entitled to the relief it seeks. The law requires that any civil penalties made payable to the Commission must be transmitted to the Treasury. *See*, *e.g.*, 31 U.S.C. § 3302(b) (miscellaneous receipts statute); *Steel*, 523 U.S. at 106. Without a change in the law, there is no mechanism by which the Commission can "retain" any monetary sanction it may receive, let alone create a fund "to educate and warn parties about the obligation to strictly comply with its rules." Appx2358-2359. And, since Realtek cannot obtain monetary sanctions at this point, it cannot "donate" any such funds to those supposedly suffering "from price increases caused, in part, by meritless litigation," as Realtek purportedly intends. Realtek's Br. at 5; 19 C.F.R. § 210.4(d)(2)(iii)(A).

Realtek's stated intention is also an admission that it is no longer seeking remediation of its own injury (*i.e.*, reimbursement for the costs it incurred in this investigation, which can longer be awarded). Realtek's Br. at 5. Realtek is seeking instead to "vindicat[e] the purpose of an award of sanctions: to educate, to deter, and to punish misconduct that threatens the integrity of the Commission's proceedings." *Id.* This kind of "psychic satisfaction" – *e.g.*, the "vindication of the rule of law," the gratification of seeing a wrongdoer "get his just desserts" by being "punished for its [alleged] infractions," or imposing "punishment [that] will deter the risk of future harm" – "is not an acceptable Article III remedy because it does not redress a cognizable Article III injury." *See Steel*, 523 U.S. at 106-07.

As a result, Realtek has not shown redressability; hence, it cannot show that it has standing. *Id.* at 107 ("Relief that does not remedy the injury suffered cannot bootstrap [Realtek] into federal court; that is the very essence of the redressability requirement."). Its appeal should be dismissed or, if not dismissed, then denied.

### B. Realtek Has Not Shown Causation Between Its Alleged Injury and the Commission's Non-Issuance of a Show Cause Order

Turning to the second factor, Realtek has not shown "causation," *i.e.*, that there is a "fairly traceable connection between the plaintiff's injury and the complained-of conduct of the [Commission]" in *not* issuing a show cause order. *See Steel*, 523 U.S. at 103. Without proof of causation, Realtek cannot satisfy the "irreducible constitutional minimum of standing" for this appeal. *Id.* at 102-03.

Realtek's alleged "injury," if any, was caused by its own delay in filing its sanctions motion and its failure to comply with the Commission's safe harbor and timeliness rules. *See* Appx2232-2233. Realtek's "self-inflicted harm doesn't satisfy the basic requirements for standing" because it does not amount to a cognizable injury, nor is it "fairly traceable" to the Commission's non-issuance of a show cause order. *See Nat'l Fam. Plan. & Reprod. Health Ass'n, Inc. v. Gonzales*, 468 F.3d 826, 831 (D.C. Cir. 2006).

Also, Realtek's failure to comply with Rules 210.4(d)(1)(i) or 210.25(a)(1) is not a predicate for issuing a show cause order under Commission Rule

210.4(d)(1)(ii). To hold otherwise would improperly conflate the sua sponte nature of Rules 210.4(d)(1)(ii) and 210.25(a)(2) with the rules-based motion practice under Rules 210.4(d)(1)(i) and 210.25(a)(1), contrary to their express language. It is inappropriate to conflate these rules to permit Realtek to circumvent the safe harbor and timeliness rules it admittedly violated. *See Auto. GPS Navigation Sys.*, 2012 WL 1637516, at *1-2; *Insulin Delivery Devices*, 2007 WL 432059 at *2.

In sum, Realtek has not shown that its alleged injury was "fairly traceable" to the Commission's non-issuance of a show cause order sua sponte.

### C. Realtek Has Not Shown a Concrete Injury in Fact

Realtek also has not shown a "concrete," "actual or imminent" injury in fact, as opposed to something that is "conjectural or hypothetical." *See Steel*, 523 U.S. at 103. Realtek threatened to move for sanctions in April 2021, after DivX revised its infringement contentions following the ALJ's *Markman* order. *See* Realtek's Br. at 11-12. Yet Realtek did not actually file its sanctions motion until October 2021, some six months later. *Id.* at 7.

Realtek's complaints about DivX's representations at the hearing do not give rise to any actual or imminent injury. The ALJ had already orally granted DivX's motion to terminate Realtek prior to the hearing and told Realtek not to participate in it. *See id.* at 6, 14-15. Moreover, it is not clear that Realtek's complaints are even cognizable under Commission Rules 210.4(c) or (d). Although Realtek

complains about testimony by DivX's expert, it does not identify any particular "pleading, written motion, [or] other paper" signed by an attorney that represents an alleged abuse of process, per Commission Rule 210.4(c) or the corresponding provisions of FRCP 11. Realtek's Br. at 14-20; *compare* 19 C.F.R. § 210.4(c), (d) *with* Fed. R. Civ. P. 11(b), (c). Even Realtek seems to recognize as much, when it contends the safe harbor rule supposedly did not apply because the investigation had already terminated before it filed its motion, so there were no papers to withdraw. *See* Realtek's Br. at 4-5, 6-8, 23, 26. Realtek did not even try to satisfy the safe harbor rule by serving a draft motion and then waiting the requisite seven days, per Commission Rule 210.4(d)(1)(i).

Realtek's own brief demonstrates that its alleged injuries are "conjectural or hypothetical," not "actual" or "imminent." *Steel*, 523 U.S. at 103. Realtek contends it is not seeking sanctions for its own purposes. *See* Realtek's Br. at 5. Rather, Realtek complains, without support, that unnamed parties are supposedly "increasingly abusing that [Commission's] forum" by making baseless allegations or practicing "bad behavior that is of growing concern to Realtek and others." *Id.* at 4, 5. The Supreme Court, however, has held that "allegations of *possible* future injury are not sufficient" to establish standing, and that "a speculative chain of possibilities does not establish" that potential injury "is certainly impending or

fairly traceable to" the decision below. *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409, 414 (2013) (internal quotations omitted; emphasis in original).

In sum, Realtek cannot show any of the three constitutional requirements of injury, causation, or redressability, and lacks standing. *Steel*, 523 U.S. at 102-03.

## V. REALTEK WAIVED ANY RIGHT TO APPEAL DENIAL OF ITS ALLEGED "REQUEST" FOR A SHOW CAUSE ORDER BECAUSE IT DID NOT MAKE THAT REQUEST FIRST TO THE ALJ

Realtek's appeal rests on its erroneous contention that the ALJ supposedly ignored Realtek's "request" to issue a show cause order. *See*, *e.g.*, Realtek's Br. at 2, 4-5, 7-8. As explained earlier, however, Realtek's sanctions motion did not ask the ALJ to issue a show cause order or argue why it should be issued. Instead, Realtek's motion made only the unremarkable observation that an "ALJ also has the inherent power to police misconduct before her." Appx2043 (citing 19 C.F.R. § 210.4(d)(1)(ii) and *Dental Scanners*, 2019 WL 5677978 (Oct. 16, 2019)[9]). That was all. The ALJ cannot be criticized for "denying" a request that was not made to her.

Realtek did not request a show cause order until it filed its petition for Commission review of the ALJ's Order No. 75 denying Realtek's sanctions

---

[9] The ALJ in *Dental Scanners* entered the show cause order on her own initiative, however, not in response to a request by a party. *See* 2019 WL 5677978 at *2-3.

motion. Appx2351-2352; Appx2359. Realtek erroneously stated in its petition for review that its sanctions motion "had explicitly invoked the ALJ's authority to issue an order to show cause." *See* Appx2351 (citing Appx2304). This was not correct, however, as Realtek's sanctions motion did *not* request a show cause order or argue why it was necessary or appropriate. Realtek apparently recognizes as much. Aside from citing a general observation about the ALJ's sua sponte authority (Appx2043), Realtek's opening brief to this Court cites only to its later-filed petition for review to the Commission – not its original sanctions motion – as support for its (erroneous) contention that it had asked the ALJ to issue a show cause order. Realtek's Br. at 7-8 (citing Appx2351-2352; Appx2359).

Realtek's request for a show cause order is thus untimely because it did not make that request or raise those arguments first with the ALJ before raising them with the Commission. As a result of this untimely request, Realtek waived any alleged right it claims to have had to request a show cause order and to argue in support of such an order before the Commission, and now on appeal. *See*, *e.g.*, *Kyocera Wireless Corp. v. ITC*, 545 F.3d 1340, 1352 (Fed. Cir. 2008); *Hazani v. ITC*, 126 F.3d 1473, 1476-77 (Fed. Cir. 1997) (affirming that certain arguments "were untimely and could be properly rejected on this ground alone").

In sum, even if Realtek could somehow overcome each hurdle of lack of reviewability, lack of jurisdiction, and lack of standing, its appeal should still be denied because its request for a show cause order was waived as untimely.

## VI. THE COMMISSION'S NON-ISSUANCE OF A SHOW CAUSE ORDER IS NOT ARBITRARY, CAPRICIOUS, OR A FAILURE TO EXERCISE DISCRETION, EVEN IF SUCH STANDARDS APPLIED

Even if Realtek could somehow hurdle each of the preceding infirmities of non-reviewability, lack of jurisdiction, lack of standing, and waiver, it cannot show that the Commission abused its discretion or failed to exercise that discretion. To the contrary, the Commission's non-issuance of a show cause order was consistent with its own rules on sanctions and with previous decisions denying show cause orders. Thus, its non-action was not arbitrary, capricious, or a failure to exercise discretion, to the extent such standards of review can even be applied here.

Realtek's petition for review of Order No. 75 identified no error of law or clear error of fact in the ALJ's denial of its sanctions motion for its "dilatory timing" and its "failure to comply with 'safe harbor' provisions [in] Commission Rule 210.4(d)(1)(i)." Appx2232-2233. Realtek does not allege, and there is no evidence to show, that Realtek ever served a draft sanctions motion on DivX and waited the requisite seven days before it filed its motion in October 2021. *See* Realtek's Br. at 11-12 (discussing Appx2430-2436; Appx2440-2441); Appx2374-2383. Realtek's only excuse is its self-serving belief the safe harbor and timeliness

rules did not apply to it because the complaint had been withdrawn. Realtek's Br. at 4-5, 6-8, 23, 26. Realtek cites no statute, decision, or other authority, whether related to the Commission's rules or FRCP 11, that supports that position.

Thus, Realtek identified no basis for the Commission to review or reverse the ALJ's Order No. 75 denying its sanctions motion. Appx2325-2327. Instead, Realtek is seeking to rationalize *its own failure* to comply with the safe harbor and timeliness provisions of Commission Rules 210.4(d)(1)(i) and 210.25(a)(1) by arguing that its own inaction somehow *requires* the ALJ or Commission to initiate a sanctions proceeding on its own initiative and issue a show cause order sua sponte under Rule 210.4(d)(1)(ii) – all for the express purpose of allowing Realtek *to circumvent* the very rules it admits to having violated in the first place.

This position is not tenable. At least one court of appeals, in a case involving the corresponding safe harbor provisions of FRCP 11(c)(1)(A), rejected an argument that the district court could disregard the safe harbor rule on its own initiative under FRCP 11(c)(1)(B). *See Radcliffe v. Rainbow Const. Co.*, 254 F.3d 772, 789 (9th Cir. 2001). "It would render Rule 11(c)(1)(A)'s 'safe harbor' provision meaningless to permit a party's noncompliant motion to be converted automatically into a court-initiated motion, thereby escaping the service requirement," the *Radcliffe* court held. *Id.* The *Radcliffe* court also held that the district court abused its discretion by *not* enforcing the "mandatory" safe harbor

provision of corresponding FRCP 11(c)(1)(A) and by awarding sanctions despite a violation of the "strict requirement" of advance service of a sanctions motion. *Id.* at 788-89 (finding "informal warnings" do not satisfy the advance service rule).

Moreover, there can be no "failure to exercise discretion," as Realtek argues. The Commission is never required to issue a show cause order, and its non-issuance in this case was fully consistent with its own rules and past decisions. None of the handful of cases Realtek cites involves the Commission, its rules, or even a motion for sanctions or request for a show cause order under Commission Rule 210.4(d)(1)(ii) or even FRCP 11(c)(3). *See* Realtek's Br. at 26-27 (citing *James v. Jacobson*, 6 F.3d 233, 239 (4th Cir. 1993) (request for anonymity at a sensitive medical malpractice trial involving paternity); *Brooking v. Branham*, 727 F. App'x 884, 885-86 (7th Cir. 2018) (inmate's request to extend the deadline to file his opposition to a summary judgment motion); *Fuller*, 914 F.3d at 521 (decision by immigration board not to reopen proceedings sua sponte)[10]). Thus,

---

[10] As explained in footnote 5 and related text, *supra*, *Fuller* holds that a board decision not to reopen a case sua sponte is unreviewable on its merits, except for constitutional or legal challenges not at issue here. *See* 914 F.3d at 519-21. *Fuller*, however, does not represent the majority viewpoint as to these exceptions (particularly as to legal challenges), and has even been called into question by other judges on the Seventh Circuit. *See*, *e.g.*, *Tamenut*, 521 F.3d at 1004-05 (collecting cases); *Salazar-Merroquin*, 969 F.3d at 819 (concurring opinion).

Realtek fails to show that the Commission has an established practice or policy that requires it to suspend its own rules or carve out an exception for a party that admits it failed even to try to satisfy the safe harbor and timeliness requirements.

Also, the Commission's non-issuance of a show cause order cannot be arbitrary or capricious because it is consistent with and reinforces its own safe harbor and timeliness rules for sanctions motions. The Commission's non-action is also consistent with earlier decisions by ALJs who declined to issue show cause orders where it would have enabled respondents to circumvent the safe harbor or other procedural rules. *See*, *e.g.*, *Auto. GPS Sys. Navigation*, 2012 WL 1637516, at *2 (denying request for show cause order that would have circumvented the safe harbor rules); *Insulin Devices*, 2007 WL 432059, at *2 (declining to issue show cause order where respondent failed to comply with the safe harbor provisions); *Blood Separation Devices*, 2019 WL 7480766, at *1-3 (declining to issue a show cause order when it was not requested until after a termination motion was filed); *Coaxial Cable Connectors*, 2015 WL 6073934, at *1 n.1 (declining to issue show cause order where requesting party failed to identify the "specific conduct alleged to violate Commission Rule 210.4(c)"). Notably, *Blood Separation Devices* and *Coaxial Cable Connectors* were both cited by Realtek (Br. at 24-25), but in reality actually support the Commission's position.

The Commission also was not required to provide a written explanation as to why it was not issuing a show cause order or acting sua sponte, as Realtek suggests. *See* Realtek's Br. at 20 (complaining that the ALJ and the Commission did not "address" Realtek's alleged request for a show cause order). The Commission explained that Realtek's sanctions motion was denied due to its dilatory nature and failure to comply with the safe harbor rules. Appx2232-2233. Having done so, the ALJ and the Commission were not required to provide any additional reasons as to why they were *not* circumventing their own rules by *not* issuing a show cause order sua sponte. *See Swagway, LLC v. ITC*, 934 F.3d 1332, 1342-43 (Fed. Cir. 2019) (agencies are not required to "explicitly spell out their rationale or reasoning in perfect detail or clarity as long as [this Court] can discern the path the agency followed," citing, *inter alia*, *Bowman Transp., Inc. v. Arkansas-Best Freight Sys., Inc.*, 419 U.S. 281, 286 (1974)); *see also Radcliffe*, 254 F.3d at 788-89 (finding district court abused its discretion by *not* strictly enforcing the safe harbor rules).

Ironically, then, the risk of arbitrary and capricious litigation is coming not from the Commission or some unnamed litigants, but from Realtek itself, through its unwarranted demand that this Court review and reverse the Commission's non-issuance of a show cause order, effectively ordering the Commission to violate its own rules. This would entirely erase the discretionary nature of Commission Rule

210.4(d)(1)(ii) and render its safe harbor rule "meaningless." *See Radcliffe*, 254 F.3d at 788-89. Such a result would also impose an unwarranted and intolerable burden on the ALJs and the Commission (and potentially the district courts under Federal Rule 11), as it would essentially require that they explain, in writing, why they were *not* exercising their sua sponte authority and *not* undermining their own procedural rules every time they denied a sanctions motion.

In sum, there is no legal or rational basis to find that the Commission's non-exercise of its sua sponte authority is arbitrary, capricious, or a "failure to exercise discretion," particularly when the Commission's non-action in this case meant that it was enforcing its own safe harbor and timeliness rules for sanctions motions.

## CONCLUSION

Realtek's appeal of the Commission's non-issuance of a show cause order sua sponte should be dismissed for lack of reviewability, lack of jurisdiction, or lack of standing. If not dismissed, Realtek's appeal should be denied because Realtek's waived its rights to appeal the Commission's non-issuance of such an order by not making that request and raising those arguments first before the ALJ. If not dismissed or denied for these reasons, Realtek's appeal should be denied on the merits, because the Commission's non-issuance of a show cause order cannot be arbitrary, capricious, or represent a failure to exercise discretion where that non-

action was consistent with its decision not to circumvent its safe harbor and timeliness rules.

Respectfully submitted,

*/s/ Carl P. Bretscher*

Dominic Bianchi
General Counsel
Wayne W. Herrington
Assistant General Counsel
Carl P. Bretscher
Attorney Advisor
Office of the General Counsel
U.S. International Trade Commission
500 E Street, S.W.
Washington, D.C. 20436
Tel: (202) 205-2382
Fax: (202) 205-3111
carl.bretscher@usitc.gov

*Counsel for Appellee*
*International Trade Commission*

Date: August 21, 2023

**CERTIFICATE OF SERVICE**

I, Carl P. Bretscher, hereby certify that, on this 21st day of August 2023, I caused a copy of the **RESPONSE BRIEF OF APPELLEE INTERNATIONAL TRADE COMMISSION** to be served on counsel of record via the Court's CM/ECF system.

*/s/ Carl P. Bretscher*
Carl P. Bretscher
Attorney Advisor
Office of the General Counsel
U.S. International Trade Commission
500 E Street, S.W.
Washington, D.C. 20436
Tel: (202) 205-2382
Fax: (202) 205-3111
carl.bretscher@usitc.gov

*Counsel for Appellee*
*International Trade Commission*

**CERTIFICATE OF COMPLIANCE**

Pursuant to Federal Rule of Appellate Procedure 32(g)(1) and Federal Circuit Rule 32(b)(3), I hereby certify that the attached brief complies with the type-volume limitation and typeface requirements of Federal Rules of Appellate Procedure 32(a)(7) and Federal Circuit Rules 32(b)(1) and 32(b)(2). The brief has been prepared in a proportionally-spaced typeface using Microsoft Office 365 ProPlus, in Times New Roman 14-point font. This brief contains a total of 10,097 words, which were obtained from the word-count function of the word-processing system (including all footnotes and annotations).

*/s/ Carl P. Bretscher*
Carl P. Bretscher
Attorney Advisor
Office of the General Counsel
U.S. International Trade Commission
500 E Street, S.W.
Washington, D.C. 20436
Tel: (202) 205-2382
Fax: (202) 205-3111
carl.bretscher@usitc.gov

*Counsel for Appellee*
*International Trade Commission*

Date: August 21, 2023