**2023-1095**

**UNITED STATES COURT OF APPEALS**
**FOR THE FEDERAL CIRCUIT**

---

**REALTEK SEMICONDUCTOR CORPORATION**,

Appellant

**v.**

**INTERNATIONAL TRADE COMMISSION**,

Appellee

**DIVX, LLC**,

Intervenor

---

Appeal from the United States International Trade Commission in Investigation No. 337-TA-1222.

---

# APPELLANT'S NONCONFIDENTIAL REPLY BRIEF

---

October 27, 2023

Theodore J. Angelis
K&L Gates LLP
925 Fourth Avenue, Suite 2900
Seattle, WA 98104-1158
Phone: +1.206.623.7580
Theodore.Angelis@klgates.com

*Counsel for Appellant Realtek Semiconductor Corporation*

# CERTIFICATE OF INTEREST

Counsel for Appellant Realtek Semiconductor Corporation certifies the following:

1. The full name of every entity represented by us is:

Realtek Semiconductor Corporation

2. The name of the real party in interest for the entity. Do not list the real parties if they are the same as the entities.

None/Not Applicable

3. Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities.

None/Not Applicable

4. List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

Jason A. Engel (K&L Gates LLP), Elizabeth Weiskopf (K&L Gates LLP), Nicholas F. Lenning (K&L Gates LLP), Jas S. Dhillon (K&L Gates LLP), Nelson M. Hua (K&L Gates LLP), Katherine L. Allor (K&L Gates LLP), Jacob T. Michalakes (K&L Gates LLP), John M. Hagan (K&L Gates LLP), Kwangho Jang (K&L Gates LLP), Linda C. Odom (K&L Gates LLP), Martha

J. Dawson (K&L Gates LLP), Robert J. Benson (Orrick Herrington & Sutcliffe), Jacob C. Vannette, Ewa A. Wojciechowska (K&L Gates LLP)

5. Provide the case titles and numbers of any case known to be pending in this court or any other court or agency that will directly affect or be directly affected by this court's decision in the pending appeal. Do not include the originating case number(s) for this case. Fed. Cir. R. 47.4(a)(5). See also Fed. Cir. R. 47.5(b).

*DivX v. LG Electronics, Inc. et al.*, No. 1:20-cv-01202 (D. Del. 2020)

6. Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).

None/Not Applicable

**TABLE OF CONTENTS**

Introduction ........................................................................................... 1

Argument ............................................................................................... 5

I. Realtek has Shown Jurisdiction and Standing ........................................ 5

A. 28 U.S.C. § 1295(a)(6) and 19 U.S.C. § 1337(c) Grant this Court Jurisdiction to Adjudicate Realtek's Petition for Review ..................... 6

B. Realtek Has Standing to Challenge the Commission's Failure to Consider Realtek's Request. ............................................................ 11

1. Realtek has satisfied the APA and Article III requirements for standing ........................................................................ 11

2. The Commission's and DivX's other standing arguments are incorrect ...................................................................... 16

II. The Commission Violated the APA by Failing to Address Realtek's Request for Relief ............................................................................ 18

III. The Commission and DIVX Make Irreconcilable Arguments Regarding Waiver, Which Demonstrate That Realtek Did Not Waive Its Request for Relief .............................................................................................. 21

IV. The Commission's Failure to Rule on Realtek's Request Violates the APA and Is Not Insulated From Review ................................................. 23

V. Realtek's Knowledge of DIVX'S *Other* Misconduct Did Not Provide Notice That DIVX Would Provide False Testimony at Trial ....................... 26

Conclusion ............................................................................................ 27

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Amarin Pharma, Inc. v. Intl. Trade Comm'n*,
923 F.3d 959 (Fed. Cir. 2019) ....................3, 9

*Brooking v. Branham*,
727 F. App'x 884 (7th Cir. 2018) ....................20

*Butte Cnty., Cal. v. Hogen*,
613 F.3d 190 (D.C. Cir. 2010) ....................24

*ChargePoint, Inc. v. SemaConnect, Inc.*,
920 F.3d 759 (Fed. Cir. 2019) ....................19

*Cuozzo Speed Techs., LLC v. Lee*,
579 U.S. 261 (2016) ....................3, 23

*DivX, LLC v. Realtek Semiconductor Corp.*,
1:20-cv-01202-CFC-JLH (D. Del. 2020), Dkt. No. 64 ....................2

*Frizelle v. Slater*,
111 F.3d 172 (D.C. Cir. 1997) ....................24

*Fuji Photo Film Co., Ltd. v. Int'l Trade Comm'n*,
474 F.3d 1281 (Fed. Cir. 2007) ....................15

*Fuller v. Whitaker*,
914 F.3d 514 (7th Cir. 2019) ....................20

*Gilda Indus., Inc. v. United States*,
446 F.3d 1271 (Fed. Cir. 2006) ....................14, 15

*James v. Jacobson*,
6 F.3d 233 (4th Cir. 1993) ....................19

*Kakar v. USCIS*,
29 F.4th 129 (2d Cir. 2022) ....................24

*Mayborn Grp., Ltd. v. Int'l Trade Comm'n*,
965 F.3d 1350 (Fed. Cir. 2020) ....................12, 13

*Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*,
463 U.S. 29 (1983)....................25

*Pub. Citizen, Inc. v. F.A.A.*,
988 F.2d 186 (D.C. Cir. 1993)....................24

*Quaker State Oil Refining Corp. v. United States*,
994 F.2d 824 (Fed. Cir. 1993)....................9

*Sw. Airlines Co. v. FERC*,
926 F.3d 851 (D.C. Cir. 2019)....................25

*Tex Tin Corp. v. U.S. E.P.A.*,
935 F.2d 1321 (D.C. Cir. 1991)....................24

*Traynor v. Turnage*,
485 U.S. 535 (1988)....................8, 11

*Viscofan, S.A. v. U.S. Int'l Trade Comm'n*,
787 F.2d 544 (Fed. Cir. 1986)....................10

**Statutes**

5 U.S.C. § 702....................12

19 U.S.C. § 1337(c)....................*passim*

28 U.S.C. § 1295(a)(6)....................*passim*

28 U.S.C. § 1659(b)....................2, 6, 11, 14

35 U.S.C. § 314(d)....................3

Administrative Procedure Act....................*passim*

Tariff Act of 1930 section 337....................*passim*

**Other Authorities**

19 C.F.R. § 210.3....................17

19 C.F.R. § 210.4....................12, 13

19 C.F.R. § 210.4(d)(1)(i) .......... 1, 18, 19, 22

19 C.F.R. § 210.4(d)(1)(ii) .......... *passim*

19 C.F.R. § 210.4(d)(2) .......... 17

19 C.F.R. § 210.25(a)(1) .......... 22

19 C.F.R. § 210.25(a)(2) .......... 22

Order No. 75 .......... 17, 22

Rule 210.3 .......... 17

Rule 210.4(1)(d)(ii) .......... 25

Rule 210.4(d)(1)(i) .......... 18

U.S. Constitution Article III .......... 11, 12, 14

## INTRODUCTION

DivX chose to present false testimony at an evidentiary hearing before the International Trade Commission ("Commission"), in hopes of keeping alive its claims against Realtek and Realtek's customer, TCL. By the time DivX offered this false testimony, DivX had already withdrawn its International Trade Commission ("ITC") complaint against Realtek. The Commission's rule regarding party-initiated sanctions motions, 19 C.F.R. § 210.4(d)(1)(i), did not clearly apply, so Realtek alternatively asked for the ALJ to issue an order to show cause under 19 C.F.R. § 210.4(d)(1)(ii). Realtek's request complies with the established practice before the Commission, which allows parties to request an order to show cause, especially when the requirements of 19 C.F.R. § 210.4(d)(1)(i) cannot be satisfied. The Commission's ALJs sometimes grant the request for an order to show cause and sometimes do not. But in each case, the ALJs must (and do) enter a ruling on the motion and provide a reasoned decision. Here, in contrast, the ALJ did *not* rule on Realtek's request, even though Realtek and DivX both addressed the issue in their motion papers.

Realtek sought review by the Commission, but the Commission adopted the ALJ's order without comment, again failing to address Realtek's request. An agency's failure to exercise its discretion is an abuse of discretion in violation of the Administrative Procedure Act ("APA"). Likewise, an agency's failure to follow its

established practice, or to explain the departure from that practice, violates the APA. The Commission and DivX recognize this problem but do not address it. They instead argue that this Court lacks jurisdiction over Realtek's petition, and Realtek lacks standing, but both arguments are contrary to governing statutes and the record.

The Commission's and DivX's jurisdictional arguments rest upon a misreading of the governing statutes. Congress expressly provided this Court jurisdiction over Realtek's petition in 28 U.S.C. § 1295(a)(6) and 19 U.S.C. § 1337(c). The Commission's and DivX's standing arguments likewise fail, because they do not account for the past and ongoing injury to Realtek resulting from the false testimony DivX provided. For example, DivX's infringement claims against Realtek are still being litigated in U.S. District Court, and DivX seeks to use the record from the ITC proceedings (including the false testimony) in the District Court proceedings pursuant to 28 U.S.C. § 1659(b).[1] In addition, Realtek incurred

[1] The Delaware District Court, just this week, lifted the stay of the co-pending litigation. *DivX, LLC v. Realtek Semiconductor Corp.*, 1:20-cv-01202-CFC-JLH (D. Del. 2020), Dkt. No. 64. DivX has proposed dismissing the district court litigation without prejudice, or with prejudice so long as the dismissal does not extend to Realtek's customers. Realtek has declined those proposals and has insisted that any dismissal be with prejudice and extend to Realtek's customers. DivX evidently is evaluating how to proceed in light of Realtek's position and has identified—among the options it will pursue—continuing the litigation against Realtek. DivX has also asked Realtek to agree not only that the record before the ITC will be used in the district court proceeding but also that all discovery from the ITC can be used in the district court proceeding as well. There is therefore a significant likelihood that the litigation against Realtek will continue. Indeed, DivX is presently litigating, in the

unnecessary fees and costs due to DivX's misconduct. Realtek therefore has a particularized and concrete interest in seeking relief, which can be redressed by a ruling in its favor.

In addition to its jurisdiction and standing arguments, the Commission argues that if the Commission *had* ruled on Realtek's motion, this Court could not review that decision because it would be committed to agency discretion as a matter of law. Comm'n Br. at 20. That issue in not before the Court. The Commission must exercise its discretion in the first instance, as it has in every prior investigation, and it must comply with its well-established precedent absent a reasoned decision to depart from that precedent. This Court, and the U.S. Supreme Court, require agencies to exercise their discretion and provide reasoning, even when the ultimate decision is committed to agency discretion,[2] so that the reviewing court can determine, for example, if there have been illegal "shenanigans" in exercising

Commission and in U.S. District Court, claims against others that assert the same patents.

[2] Realtek does not agree that the ultimate decision on a request for an order to show cause as to whether sanctions should be imposed is necessarily committed to agency discretion as a matter of law. The universe of decisions committed to agency discretion is narrow and typically requires an express statutory prohibition on review. Here, in contrast, Congress has expressly provided that sanctions rulings *are* reviewable. *Compare* 19 U.S.C. § 1337(c) (providing for APA review of sanctions-related proceedings), *with* 35 U.S.C. § 314(d) (stating that the decision whether to institute inter partes review is "final and nonappealable"). *See generally Amarin Pharma, Inc. v. Intl. Trade Comm'n*, 923 F.3d 959, 965 (Fed. Cir. 2019) (reviewing, under the APA, the Commission's decision to deny institution). Regardless, the issue is not before the Court for resolution.

discretion. *Cuozzo Speed Techs., LLC v. Lee*, 579 U.S. 261, 275 (2016). Accordingly, the Commission must actually rule on Realtek's request for an order to show cause. Realtek's petition does not raise any issue about the scope of review of a decision on the merits—had it been issued.

DivX raises additional justiciability issues and tries to justify, on the merits, the false statements it made at trial. DivX's primary argument is that Realtek did not oppose DivX's motion to terminate Realtek from the underlying investigation. The misconduct at issue, however, occurred after Realtek agreed to the termination. DivX also argues that Realtek was not permitted to raise this issue with the Commission, below, because it was not a party at the time of its motion.[3] The Commission did not address that issue, but it held that Realtek's ability to bring its motion, under the Commission's rules, was "subject to reasonable dispute." Appx24. This Court is not well situated to address the scope of the Commission's rules, when the Commission itself declined to reach that question. Thus, any challenge to Realtek's right to seek Commission review must be resolved by the Commission in the first instance.

[3] The Commission also argues that Realtek's motion is barred because DivX engaged in *other*, earlier misconduct that could have been reached by a motion for sanctions, and Realtek raised that earlier misconduct in its motion for sanctions. That earlier misconduct is not at issue in this appeal. *See infra* Section V.

Finally, DivX argues that the testimony it provided was not false. As Realtek showed in its opening brief, that argument is meritless. At trial, DivX's false testimony was exposed, and the arguments it now presents to try to justify its misconduct are non sequiturs. DivX gambled that it could justify an untimely and precluded infringement theory by making false statements to the ALJ. At trial, that scheme was exposed. But the veracity of DivX's statements is not at issue in Realtek's petition. The only questions before this Court relate to jurisdiction and administrative law. The Court *does* have jurisdiction over Realtek's petition for review, and the Commission violated the APA by failing to rule on Realtek's request for relief. Realtek respectfully asks the Court to grant its petition for review and remand this case to the Commission for a ruling on the merits of Realtek's requested relief.

## ARGUMENT

### I. REALTEK HAS SHOWN JURISDICTION AND STANDING

The Commission and DivX mistakenly argue that this Court lacks jurisdiction, and Realtek lacks standing. As to jurisdiction, Congress provided this Court with jurisdiction over all "final determinations . . . relating to unfair practices in import trade, made under section 337 of the Tariff Act of 1930." 28 U.S.C. § 1295(a)(6). The Opinion under review is expressly identified as a "determin[ation]" of the Commission. Appx17. It is undeniably a "final determination[]" because the

Commission Opinion concluded the sanctions proceedings, meaning that no further proceedings related to sanctions will occur. The Commission's Opinion also "relat[es] to unfair practices in import trade" and was "made under section 337." 28 U.S.C. § 1295(a)(6). Indeed, Congress specifically amended Section 337 to provide for APA review of the Commission's sanctions rulings. 19 U.S.C. § 1337(c). Thus, the Commission's rulings were certainly "made under section 337." 28 U.S.C. § 1295(a)(6).

Realtek likewise has standing to challenge the Commission's order. DivX's false statements are part of the record that DivX seeks to use in the District Court proceedings against Realtek, pursuant to 28 U.S.C. § 1659(b). In addition, Realtek incurred substantial fees and costs arising from DivX's false assertions that it had been pursuing its precluded theory since the outset of the investigation. Accordingly, Realtek has a strong and particularized interest in challenging them. Realtek also incurred significant and unnecessary fees and costs due to those false statements.

### A. 28 U.S.C. § 1295(a)(6) and 19 U.S.C. § 1337(c) Grant this Court Jurisdiction to Adjudicate Realtek's Petition for Review

This Court has jurisdiction over Realtek's petition for review under 28 U.S.C. § 1295(a)(6) and 19 U.S.C. 1337(c). Section 1295(a)(6) grants this Court the exclusive jurisdiction "to review the *final determinations* of the United States International Trade Commission relating to unfair practices in import trade, made

under section 337 of the Tariff Act of 1930." 28 U.S.C. § 1295(a)(6) (emphasis added). The Commission's Opinion under review satisfies each element of this jurisdictional grant.

First, the Commission's Opinion under review is a "final determination." The Commission's Opinion states that it is the Commission's "determin[ation]" regarding "Real[t]ek's motion for sanctions." Appx17. The Commission's corresponding "Notice" of the Commission Opinion identifies it as "a Commission Determination." Appx4163. Accordingly, the Commission itself has identified the Opinion under review as a "determination." And there is no dispute that the Opinion is final. As the Commission explained, the "sanctions proceedings are hereby terminated." Appx4163. There is nothing left for the Commission to decide.

Second, the Commission's Opinion "relat[es] to unfair practices in import trade" and was "made under section 337." 28 U.S.C. § 1295(a)(6). The Opinion addresses sanctions proceedings within an investigation for unfair trade practices, and it was entered pursuant to the authority granted in Section 337(h), which means it "relat[es] to unfair practices" and was "made under Section 337." *Id.* Indeed, in the Commission's Notice of its Opinion, it stated that "[t]he authority for the Commission's determinations is contained in Section 337 of the Tariff Act of 1930 . . . ." Appx4165.

Finally, if the grant of jurisdiction under § 1295(a)(6) were insufficient, and it is not, Section 337(c) *explicitly* states that the Commission's final determinations regarding sanctions are reviewable under the APA. It provides that "[d]eterminations by the Commission . . . under subsection (h) with respect to imposition of sanctions . . . shall *also* be reviewable in accordance with section 706 of title 5." 19 U.S.C. § 1337(c) (emphasis added). The word "also" refers back to the grant of authority for Federal Circuit review earlier in Section 337(c):

> Any person adversely affected by a final determination of the Commission under subsection (d), (e), (f), or (g) may appeal such determination, within 60 days after the determination becomes final, to the United States Court of Appeals for the Federal Circuit for review in accordance with chapter 7 of title 5 . . . . *Determinations by the Commission* under subsections (e), (f), and (j) with respect to forfeiture of bonds and under subsection (h) *with respect to the imposition of sanctions* for abuse of discovery or abuse of process *shall also be reviewable* in accordance with section 706 of Title 5.

19 U.S.C. § 1337(c) (emphases added).

In deciding whether particular statutes grant judicial review of administrative action, courts start with "the strong presumption that Congress intends judicial review of administrative action"; and "the presumption in favor of judicial review may be overcome 'only upon a showing "clear and convincing evidence" of a contrary legislative intent.'" *Traynor v. Turnage*, 485 U.S. 535, 542 (1988). The Commission and DivX argue that "the Commission's determination not to review the denial of the sanctions motion is not a final determination[,]" and in doing so

urges the Court to disregard Section 337(c)'s express provision that agency "determinations . . . with respect to the imposition of sanctions," which become final determinations once the investigation concludes, "shall *also* be reviewable" by this Court. 19 U.S.C. § 1337(c) (emphasis added); DivX Br. at 27. DivX contends that "Congress explicitly did not provide this Court authority to review determinations relating to the denial of monetary sanctions." *Id.* at 22. That argument is directly contrary to the statutory language. The Commission and DivX evidently believe that Congress provided for review of some Commission final determinations in this Court and for review of other Commission final determinations in another court. The language of 28 U.S.C. § 1295(a)(6) is to the contrary. Section 1295(a)(6) does not restrict the Court's jurisdiction to determinations made under Section 337(d), (e), (f), or (g). It applies to *all* "final determinations . . . relating to unfair practices in import trade, made under section 337." 28 U.S.C. 1295(a)(6). The Commission and DivX improperly attempt to redefine "final determination" to mean something other than its plain language. Comm'n Br. at 26-29; DivX Br. at 27-28.

To interpret Section 1295(a)(6)'s grant of Federal Circuit jurisdiction as limited to determinations made under Section 337(d), (e), (f), or (g)—but not to Section 337(h)—would wrongly contravene the clear and unambiguous statutory language. *Quaker State Oil Refining Corp. v. United States*, 994 F.2d 824, 832 (Fed. Cir. 1993) (courts will "not attempt to infer the intent of Congress . . . when such

intent, as here, is clearly manifested by unambiguous statutory language"). Indeed, this Court has held that it has authority to review Commission decisions issued pursuant to Section 337(b), which contravenes the conclusion that this Court's review is limited to decisions issued under Section 337(d), (e), (f), or (g). *Amarin Pharma,* 923 F.3d at 964-65. Section 1295(a)(6) requires only a "final determination" issued under Section 337, which the sanctions rulings here satisfy. The Commission also relies on *Viscofan, S.A. v. U.S. Int'l Trade Comm'n*, 787 F.2d 544, 547 (Fed. Cir. 1986), but there, the Commission did not consider the express language of § 1295(a)(6), nor did it address the situation in which the only proceeding for review is a sanctions proceeding. Congress expressly gave this Court authority to review sanctions rulings when it amended 19 U.S.C. § 1337(c) and expressly provided for judicial review. Accordingly, *Viscofan* does not support the Commission's and DivX's arguments.

The Commission and DivX advocate a rule that would require—in a single investigation—that some final determinations come to this Court for review and others go to another court for review. The language of Section 1295(a)(6) and Section 337 do not support that rule, and it would lead to uncertainty, as well as duplicative and wasteful proceedings. Congress provided this Court with jurisdiction over final determinations of the Commission issued pursuant to Section 337. The ruling in question qualifies, and this Court therefore has jurisdiction.

Neither the Commission nor DivX cite any "clear and convincing" evidence that Congress intended to preclude this Court from reviewing the Commission's sanctions orders given the contrary language in Section 1295(a)(6) and Section 337(c). *See Traynor*, 485 U.S. at 542. This Court therefore has jurisdiction to review Realtek's petition.

### B. Realtek Has Standing to Challenge the Commission's Failure to Consider Realtek's Request

#### 1. Realtek has satisfied the APA and Article III requirements for standing

The Commission and DivX argue that Realtek lacks standing to challenge the Commission's refusal to consider Realtek's request for the issuance of an order to show cause. This argument fails because Realtek has suffered (and continues to suffer) concrete injuries caused by the false testimony DivX presented, and those injuries can be redressed by the relief Realtek seeks. Realtek and DivX are engaged in ongoing litigation in Delaware District Court, involving the same infringement claims litigated in this Investigation. By statute, the record before the ITC is admissible in the district court proceedings. *See* 28 U.S.C. § 1659(b). DivX has said it intends to rely on the record from the ITC proceedings and has asked Realtek to agree further that all discovery from the ITC may be used in the District Court. Realtek is, and will be, injured by the introduction of false testimony into the district court proceedings. As a remedy, Realtek challenged the propriety of that testimony,

but the Commission did not rule on its request. A favorable ruling on Realtek's motion for sanctions, such as a Commission opinion criticizing or striking that testimony, or awarding sanctions due to the falsity of that testimony, will provide meaningful and concrete remedy to Realtek and will impact the district court proceedings. For example, a Commission ruling that the testimony in question was false and improper will enhance Realtek's ability to have that testimony excluded from evidence in the pending District of Delaware litigation. Likewise, compensation for the fees and costs Realtek incurred due to DivX's pursuit of a new theory after the ALJ precluded it, will likewise redress the concrete harm Realtek suffered.

Standing under the APA is governed both by 5 U.S.C. § 702, which confers standing on "[a] person . . . adversely affected or aggrieved by agency action within the meaning of a relevant statute," *id.*, and Article III of the U.S. Constitution. "A party has Article III standing to appeal from a decision of an administrative agency when it has: (1) suffered a particularized, concrete injury in fact that is (2) fairly traceable to the challenged conduct of the defendant, and is (3) likely to be redressed by a favorable judicial decision." *Mayborn Grp., Ltd. v. Int'l Trade Comm'n*, 965 F.3d 1350, 1354 (Fed. Cir. 2020) (citing *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016)). Realtek satisfies each of these requirements.

First, Realtek's injury is actual. DivX presented false testimony in support of the allegations in its complaint, in violation of 19 C.F.R. § 210.4. As explained in Realtek's opening brief, the case could not proceed without that testimony because the ALJ precluded the theory that DivX sought to present at the hearing. Realtek Br. at 12. To prove the allegations in its complaint, DivX needed to convince the ALJ that it had been pursuing that new theory all along.

The Commission puzzlingly argues that there could be no violation of Section 210.4 because DivX was not "advocat[ing]" "a pleading . . . or other paper" through its wrongful conduct. Comm'n Br. at 9, 10 n.1, 35 (citing 19 C.F.R. § 210.4(c)). To the contrary, the entire purpose of the testimony was in support of the allegations in DivX's complaint, and in its associated contentions, which could not be proven without the false testimony at issue. DivX's actions are squarely within the scope of § 210.4.

The decision to present false testimony has injured, and will continue to injure, Realtek in numerous ways. Realtek was required to expend time and money defending against an investigation that should have been terminated once Realtek prevailed in its motion *in limine*. In addition, DivX now is seeking to make the testimony it presented part of the factual record in the ongoing litigation in Delaware between Realtek and DivX. Injuries such as attorneys' fees and costs incurred, and the need to fight against false testimony in pending litigation, are real and concrete,

and they are particularized to Realtek. *See, e.g.*, *Mayborn Grp.*, 965 F.3d at 1354 (explaining that as a result of the Commission's order, the aggrieved party lost "sales and incurred costs . . . with attendant reputational injury, market share loss, and damage to [the party's] brand and its relationships with retailers"). The fact that the false testimony has not yet been used in the Delaware proceeding does not make Realtek's injury less concrete. DivX is seeking to rely on that testimony, and section 1659(b) provides that the record from the ITC hearing "*shall be transmitted* to the district court and *shall* be admissible in the civil action." 28 U.S.C. § 1659(b) (emphases added). That injury to Realtek is therefore "actual and imminent." Also, the fees and costs Realtek needlessly incurred constitute a concrete injury.

The injuries to Realtek are "fairly traceable" to the DivX's misconduct. The record shows that DivX was precluded from proceeding with its new theory unless it could show that it had been pursuing that theory from the outset of the investigation. Realtek Br. at 12. As was revealed at trial, testimony DivX offered in support of that showing was false. Realtek therefore incurred the costs of litigating the case after the time it should have been dismissed. In addition, DivX now seeks to use the false testimony DivX provided against Realtek in the pending district court litigation. Had the case ended at the proper time, Realtek would have been spared the injuries it suffered and continues to suffer. The unnecessary fees and costs Realtek incurred, and the false testimony it now must address in the

Delaware proceeding, are traceable to DivX's misconduct and the ALJ's and Commission's refusal to issue an order criticizing that misconduct and/or awarding sanctions. *See Gilda Indus., Inc. v. United States*, 446 F.3d 1271, 1279 (Fed. Cir. 2006) (concluding, for purposes of Article III standing, that although the agency's actions "would not necessarily have led to the removal of [an APA plaintiff's] imported products from the list, the failure to conduct review and revision of the list injured [plaintiff] by depriving it of an opportunity to at least have those products removed.").

Realtek's injuries are redressable. In the APA context, the redressability requirement is satisfied by the opportunity to obtain consideration of the substantive issue raised. *See id.* at 1279. Injuries also are redressed through financial compensation. *Fuji Photo Film Co., Ltd. v. Int'l Trade Comm'n*, 474 F.3d 1281, 1289–90 (Fed. Cir. 2007) (explaining that "civil penalties encourage [parties] to discontinue current violations and deter them from committing future ones, [and] they *afford redress* to [parties] who are injured or threatened with injury as a consequence of ongoing unlawful conduct." (emphasis added)).

The Commission argues that Realtek's injuries will not be redressed because Realtek plans to donate any payment it receives to charity. The Commission provides no authority to support that argument, and Realtek is not aware of any such authority. That Realtek plans to use any payment it receives to promote the public

interest and protect public markets is immaterial. A payment will redress Realtek's injuries. The same is true of an order from the Commission that criticizes or strikes the testimony at issue. DivX is seeking to use the testimony it presented against Realtek in the pending district court proceeding. A Commission order that undercuts that testimony will provide Realtek with meaningful redress.

### 2. The Commission's and DivX's other standing arguments are incorrect

The Commission and DivX make other lack of standing arguments, but those arguments rest on faulty premises. The Commission argues that Realtek cannot obtain redress because the Commission is not empowered to award monetary sanctions given the posture of this Investigation. Comm'n Br. at 30-33. It is far from established that the Commission could not award financial sanctions in this Investigation. Realtek requested those sanctions in its request for review, and, as the Commission said in its Opinion, the question of whether monetary relief is available to Realtek, after its dismissal as a party, "are subject to reasonable dispute." Appx24. Thus, the availability of monetary relief remains an open question. The Commission's litigating position before this Court—that no financial payment can be provided—cannot supplant the actual ruling by the Commission, in a live dispute, that this is an open question.

The Commission also repeats its argument that Realtek lacks standing because it intends to donate to charity any financial sanctions received. Comm'n Br. at 32.

That Realtek plans to donate what it receives does not change the injury it suffered. In addition, the Commission's argument overlooks the other injuries Realtek has suffered and the Commission's authority to enter non-monetary relief that would remedy those injuries. 19 C.F.R. § 210.4(d)(2) ("Subject to the limitations in paragraphs (d)(2) (i) through (iv) of this section, the sanction may consist of, or include, directives of a nonmonetary nature…"). As Realtek has explained, it "brought its motion, and pursues this appeal, in hopes of vindicating the purpose of [] sanctions: to educate, to deter, and to punish misconduct that threatens the integrity of the Commission's proceedings." Realtek Br. at 5. Even if Realtek were limited to non-monetary relief, that relief would still redress Realtek's injuries by limiting DivX's ability to rely on false testimony in the Delaware district court. In addition, the purpose of sanctions is to punish, deter, and educate. Those benefits are concrete remedies to Realtek, and they provide standing for Realtek to pursue sanctions.

DivX makes the separate argument that Realtek lacked standing to seek review of Order No. 75 because it was not a party at the time it sought review and did not oppose the motion withdrawing claims against Realtek. DivX Br. at 31-32. DivX does not cite any authority, other than 19 C.F.R. § 210.3, in support of its position. Commission Rule 210.3 defines a "party" as "each complainant, respondent, intervenor, or the Office of Unfair Import Investigations[,]" and does not include a requirement that the party be a "current" party. An entity seeking

review of an order must have been a party to the Investigation at some point, but a respondent such as Realtek does not lose its ability to challenge an ALJ's order simply because the action against it was dismissed. Notably, DivX raised this same argument before the Commission, and the Commission declined to rule in DivX's favor. The Commission held that the issue is "subject to reasonable dispute." Appx24. This Court should not, and need not, address the Commission's rules in the first instance. It is for the Commission to determine whether particular relief Realtek requests is not permitted under the Commission's rules.

## II. THE COMMISSION VIOLATED THE APA BY FAILING TO ADDRESS REALTEK'S REQUEST FOR RELIEF

The Commission, in service of several of its arguments, notes that Realtek did not serve a draft of its motion on DivX and provide DivX with 7 days to withdraw its complaint against Realtek before filing the motion. Comm'n Br. at 23, 24, 33, 34, 35, 38, 39, and 41-43. As Realtek explained in its opening brief, the safe harbor provisions of Commission Rule 210.4(d)(1)(i) could not apply to Realtek's motion for sanctions because the misconduct at issue did not come to light until *after* DivX had withdrawn its complaint against Realtek. Thus, DivX could not "withdraw[] or appropriately correct[]" "the challenged paper, claim, defense, contention, allegation, or denial." 19 C.F.R. § 210.4(d)(1)(i). *See generally* Realtek Br. at 4, 26. That is why Realtek moved, in the alternative, for an order to show cause under 19 C.F.R. § 210.4(d)(1)(ii).

The Commission has a long and well-established practice of considering and ruling upon motions for an order to show cause pursuant to 19 C.F.R. § 210.4(d)(1)(ii), especially when a party is not permitted to seek sanctions by motion pursuant to § 210.4(d)(1)(i). Indeed, the Commission cites multiple Investigations in which the ALJ considered and ruled upon such motions. Comm'n Br. at 24-25. Realtek's brief likewise identified additional investigations in which the Commission considered such motions. Realtek Br. at 24-26. DivX, too, identifies many instances in which the Commission ruled on such motions. DivX Br. at 36-38. Indeed, neither the Commission nor DivX can identify a single investigation in which a party moved for an order to show cause under 19 C.F.R. § 210.4(d)(1)(ii), and the ALJ declined to rule on the motion. The inability to identify even a single instance in which the Commission acted as it did here is significant for two reasons. First, it confirms that the ALJ and Commission abused their discretion by failing to exercise it. Second, it confirms that the Commission violated the APA by treating like cases differently.

It is undisputed that the Commission and its ALJs have discretion in deciding whether to issue an order to show cause. As Realtek has explained, however, a judge or agency abuses its discretion when that discretion is not exercised. *See, e.g.*, *James v. Jacobson*, 6 F.3d 233, 239 (4th Cir. 1993) (explaining that a judge abuses her discretion "in a failure or refusal, either express or implicit, actually to exercise

discretion"); *ChargePoint, Inc. v. SemaConnect, Inc.*, 920 F.3d 759, 776 (Fed. Cir. 2019) (noting that it "is an abuse of discretion (because it is a failure to exercise discretion at all)," when an order is issued without "accompanying rationale"); *Brooking v. Branham*, 727 F. App'x 884, 885-86 (7th Cir. 2018) ("A judge's failure to exercise discretion is an abuse of discretion."); *see also Fuller v. Whitaker*, 914 F.3d 514, 521 (7th Cir. 2019) (holding that an agency abuses its discretion when it refuses to consider the evidence submitted in support of a request for the agency "to exercise its *sua sponte* authority"). *See generally* Realtek Br. at 27-30. Here, the ALJ refused to exercise discretion, and the Commission declined to remedy the error. That is a violation of the APA, and the proper remedy is a remand so that the Commission can exercise its discretion in the first instance.

In addition, the Commission violated the APA by treating this case differently from other cases without a reasoned explanation. In every case that either Realtek, the Commission, or DivX identifies, the Commission issued an order explaining why it chose to, or chose not to, issue an order to show cause. Indeed, the Commission explicitly addresses and rules on such requests even when they are not made by motion. DivX Br. at 38. Here, unlike every prior, cited investigation, there was no ruling on Realtek's request. Treating like cases differently, without a reasoned explanation, is a violation of the APA and necessitates remand.

The Commission argues that "the Commission is never required to issue a show cause order" because such orders are discretionary. Comm'n Br. at 40. In making that argument, the Commission misstates the issue presented. Realtek's petition is premised upon the Commission's obligation to rule upon Realtek's motion given that it has uniformly ruled upon such motions in the past. Any challenge to the Commission's exercise of discretion cannot occur until after the Commission actually exercises that discretion, which it has not yet done.

## III. THE COMMISSION AND DIVX MAKE IRRECONCILABLE ARGUMENTS REGARDING WAIVER, WHICH DEMONSTRATE THAT REALTEK DID NOT WAIVE ITS REQUEST FOR RELIEF

The Commission argues that the ALJ properly ignored Realtek's request for relief under 19 C.F.R. § 210.4(d)(1)(ii) because Realtek did not actually request relief under that rule when it moved for sanctions. Comm'n Br. at 36-38. DivX, in contrast, argues that Realtek *did* make that request, and the ALJ denied it on the merits. DivX Br. at 32-35. As the record shows, DivX is correct that Realtek requested an order to show cause, and the Commission is correct that the ALJ did not rule on that request.

It its motion, Realtek expressly invoked the ALJ's authority to issue an order to show cause pursuant to 19 C.F.R. § 210.4(d)(1)(ii). Appx2043. DivX certainly understood Realtek's request because it specifically responded to what it referred to as Realtek's "*parallel request* for the Court to enter an order *sua sponte* under 19

C.F.R. § 210.4(d)(1)(ii)." Appx2088 (emphasis added). Realtek also submitted a reply brief that reiterated its parallel request. Appx2212. Thus, the Commission's argument that Realtek did not request relief under § 210.4(d)(1)(ii) is unfounded. As DivX's brief makes clear, the parties who actually litigated the issue agree that the ALJ was aware of her authority under § 210.4(d)(1)(ii) and that Realtek expressly asked her to invoke that authority. DivX Br. at 36-37.

DivX's argument that the ALJ actually ruled upon Realtek's request is likewise incorrect. Indeed, the ALJ unequivocally stated that she *did not* reach the merits of Realtek's request. *See* Appx2232-2233 (ALJ holding that that the merits of Realtek's request "need not be reached"). DivX relies on the fact that the ALJ "summariz[ed] Realtek's arguments and DivX's opposition thereto." DivX Br. at 32. A summary of arguments is not a resolution of those arguments. DivX also relies on a statement in Order No. 75 stating: "There are problems with the dilatory timing of Realtek [sic] Motion." DivX Br. at 33 (citing Appx2233). That part of the order, however, addresses 19 C.F.R. § 210.25(a)(1), which governs a motion for sanctions under 19 C.F.R. § 210.4(d)(1)(i). A separate section of that rule, 19 C.F.R. § 210.25(a)(2), addresses the parallel relief that Realtek requested, *i.e.* an order to show cause, under § 210.4(d)(1)(ii). It is not reasonable, or even plausible, to read the ALJ's reference to 19 C.F.R. § 210.25(a)(1) as resolving a motion seeking relief under 19 C.F.R. § 210.25(a)(2). The ALJ's analysis focused solely and exclusively

on the requirement for a motion for sanctions under 19 C.F.R. § 210.4(d)(1)(i). The ALJ did not evaluate and did not reach Realtek's request for relief under 19 C.F.R. § 210.4(d)(1)(ii).

The Commission could have addressed Realtek's request for relief independently, but it chose not to do so. It adopted the ALJ's ruling without comment. Thus, DivX's argument that the ALJ or the Commission actually ruled on Realtek's request is unfounded.

## IV. THE COMMISSION'S FAILURE TO RULE ON REALTEK'S REQUEST VIOLATES THE APA AND IS NOT INSULATED FROM REVIEW

The Commission argues that there should be no remand here because if it *had* ruled on Realtek's motion, and if it had denied that request, this Court could not require the Commission to issue an order to show cause. Comm'n Br. at 20. That is not the issue presented. Here, Realtek argues that the Commission violated the APA in two ways by refusing to rule on its request for an order to show cause. First, it abused its discretion by refusing to exercise that discretion. Second, it departed from its prior rulings without a reasoned explanation.

This Court, and the U.S. Supreme Court, requires agencies actually to exercise their discretion and to provide their reasoning, even when their decisions are largely insulated from review. For example, the PTAB's otherwise unreviewable decisions regarding institution of inter partes review must contain reasoning so that courts can

determine, for example, if there have been illegal "shenanigans" in the PTAB's discretionary decision. *Cuozzo*, 572 U.S. at 275. More generally, as Realtek showed in its opening brief, Courts require agencies to actually rule on arguments presented to them and to present reasoned analysis. *See Frizelle v. Slater*, 111 F.3d 172, 177 (D.C. Cir. 1997) (agency's failure to respond to "arguments, which do not appear frivolous on their face and could affect the . . . ultimate disposition" is arbitrary); *see also Butte Cnty., Cal. v. Hogen*, 613 F.3d 190, 194 (D.C. Cir. 2010) ("[A]n agency's refusal to consider evidence bearing on the issue before it constitutes arbitrary agency action[.]"); *Kakar v. USCIS*, 29 F.4th 129, 133-35 (2d Cir. 2022) (reversing the agency's conclusion because there was not sufficient evidence that the "agency has considered all the important aspects of the issue and articulated a satisfactory explanation for its action"); *Pub. Citizen, Inc. v. F.A.A.*, 988 F.2d 186, 197 (D.C. Cir. 1993) ("The requirement that agency action not be arbitrary or capricious includes a requirement that the agency adequately *explain* its result.") (emphasis added); *Tex Tin Corp. v. U.S. E.P.A.*, 935 F.2d 1321, 1324 (D.C. Cir. 1991) ("Where the agency has failed to exercise its expertise or to explain the path that it has taken, we have *no choice but to remand for a reasoned explanation*.") (emphasis added). Here, the Commission violated the APA because it did not consider Realtek's request, did not exercise its discretion, and did not provide any justification for its

actions. Remand is therefore required so that the Commission can satisfy its obligations under the APA.

The Commission's actions also violated the APA because they depart from the Commission's prior rulings without a reasoned explanation. As mentioned above, the Commission uniformly considers and rules upon motions asking an ALJ to issue an order to show cause pursuant to Commission Rule 210.4(1)(d)(ii). *See supra* pp. 19-20. Here, however, the ALJ and the Commission departed from that well-established practice without *any* explanation. When an agency declines to follow its prior rulings, and fails to provide a reasoned explanation, courts must remand. *See Sw. Airlines Co. v. FERC*, 926 F.3d 851, 856 (D.C. Cir. 2019) ("[H]owever the agency justifies its new position, what it may not do is 'gloss[] over or swerve[] from prior precedents without discussion.'") (quoting *Greater Bos. Television Corp. v. FCC*, 444 F.2d 841, 852 (D.C. Cir. 1970)); *see also Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 57 (1983) (holding that "an agency changing its course must supply a reasoned analysis" and finding "that the agency has failed to supply the requisite reasoned analysis") (internal citations omitted). Because the Commission has uniformly ruled on motions identical to Realtek's motion, and because it did not explain why it refused to rule on Realtek's motion, remand is required.

## V. REALTEK'S KNOWLEDGE OF DIVX'S *OTHER* MISCONDUCT DID NOT PROVIDE NOTICE THAT DIVX WOULD PROVIDE FALSE TESTIMONY AT TRIAL

The Commission argues that Realtek's motion is precluded because Realtek was aware of *other* misconduct of DivX, which occurred prior to DivX's dismissal of its claims against Realtek in the ITC, but is not pursuing relief for that misconduct before this Court. Comm'n Br. at 7-8 (recounting that Realtek was aware of DivX's unsupported infringement contentions as of March 2021); *id.* at 33, 39. As the Commission's brief itself recounts, however, the misconduct at issue before this Court arises from DivX's conduct after the ALJ's grant of motion *in limine* No. 2, on June 30, 2021. The ALJ allowed DivX to try to prove "that its infringement theories were not untimely because DivX had supposedly included them in its original infringement contentions." Comm'n Br. at 8. To satisfy that burden—and avoid dismissal of all claims in its complaint against Realtek—DivX chose to formulate and present false testimony. It did so at the end of June and in early July 2021. It began that course of action while Realtek was still a party, but shortly thereafter dismissed Realtek while pursuing claims against Realtek's customer, TCL. Realtek Br. at 9-20. Realtek incurred unnecessary fees and costs, which were significant because these actions occurred on the eve of trial, and Realtek is now faced with an administrative record containing false testimony, which DivX seeks to admit in the pending district court litigation between DivX and Realtek. Realtek

could not address that false testimony before it was dismissed from the underlying ITC investigation because the false testimony was not offered until after its dismissal. Realtek therefore acted properly in seeking relief after it was dismissed from the underlying ITC investigation.

## CONCLUSION

Realtek respectfully asks this Court to grant its petition for review and remand to the Commission with instructions to consider Realtek's request and issue a ruling on the merits.

Dated: October 27, 2023

/s/ *Theodore J. Angelis*
Theodore J. Angelis
K&L Gates LLP
925 Fourth Avenue, Suite 2900
Seattle, WA 98104-1158
Phone: +1.206.623.7580
Theodore.Angelis@klgates.com

*Counsel for Appellant Realtek Semiconductor Corporation*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 27, 2023, I electronically filed the foregoing Appellant's Nonconfidential Reply Brief with the United States Court of Appeals for the Federal Circuit through the Court's CM/ECF system. All parties are represented by registered CM/ECF users and Appellant's Nonconfidential Reply Brief will be served by the CM/ECF system.

*/s/ Theodore J. Angelis*
Theodore J. Angelis

## CERTIFICATE OF COMPLIANCE WITH WORD LIMITATION AND TYPEFACE REQUIREMENTS

Pursuant to Federal Circuit Rule 32(b)(3) and Federal Rule of Appellate Procedure 32(g)(1), I hereby certify that the foregoing brief complies with the type-volume limitations in Federal Circuit Rule 32(b)(1) and Federal Rule of Appellate Procedure 32(a)(7)(B) , because it contains 6,547 words, excluding the exempted parts under Federal Rule of Appellate Procedure 32(f) and Federal Circuit Rule 32(b)(2).

I further certify that this brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5)-(6) because this brief was prepared using 14-point Times New Roman font.

*/s/ Theodore J. Angelis*
Theodore J. Angelis