# United States Court of Appeals for the Federal Circuit

---

**REALTEK SEMICONDUCTOR CORPORATION,**
*Appellant*

**v.**

**INTERNATIONAL TRADE COMMISSION,**
*Appellee*

**DIVX, LLC,**
*Intervenor*

---

2023-1095

---

Appeal from the United States International Trade Commission in Investigation No. 337-TA-1222.

---

Decided: March 18, 2025

---

THEODORE J. ANGELIS, K&L Gates LLP, Seattle, WA, argued for appellant.

CARL PAUL BRETSCHER, Office of the General Counsel, United States International Trade Commission, Washington, DC, argued for appellee. Also represented by DOMINIC L. BIANCHI, WAYNE W. HERRINGTON.

WILLIAM MEUNIER, Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C., Boston, MA, argued for intervenor. Also

represented by SAMUEL DAVENPORT, MATTHEW A. KARAMBELAS, MICHAEL RENAUD, ADAM RIZK, JAMES M. WODARSKI; NANA LIU, San Francisco, CA

---

Before MOORE, *Chief Judge*, REYNA and TARANTO, *Circuit Judges*.

REYNA, *Circuit Judge*.

Realtek Semiconductor Corporation appeals from a United States International Trade Commission decision adopting an administrative law judge's order denying a motion for sanctions against DivX, LLC. Realtek argues that the Commission violated the Administrative Procedure Act by failing to enter an order sua sponte for DivX to show cause explaining why it did not commit sanctionable conduct. We conclude that the Commission's refusal to enter a show cause order sua sponte is within the agency's discretion and therefore unreviewable. We thus dismiss Realtek's appeal.

## BACKGROUND

This appeal arises from the United States International Trade Commission's ("Commission") investigation of DivX, LLC's ("DivX") complaint alleging a violation of 19 U.S.C. § 1337 by Realtek Semiconductor Corporation ("Realtek") and others. *See* J.A. 17–18, 4227–28 (also available at 85 Fed. Reg. 66355 (Oct. 19, 2020)). DivX later filed an unopposed motion to withdraw its complaint against Realtek, which the Administrative Law Judge ("ALJ") granted and the Commission adopted on review, thereby terminating the investigation as to Realtek. J.A. 4229–36. Realtek subsequently filed a motion for sanctions against DivX, alleging that certain misconduct occurred seven to twelve months prior. *See* J.A. 20–21, 2231–32. The ALJ issued an order denying the motion on procedural grounds. J.A. 2231–35. Realtek petitioned for review, in which it

requested the Commission exercise its authority to enter an order sua sponte that DivX show cause why it had not committed sanctionable conduct under 19 C.F.R. § 210.4(d)(1)(ii).[1] J.A. 2359–60. The Commission decided not to review and adopted the ALJ's order without comment. J.A. 23.

On appeal, Realtek argues that the Commission violated the Administrative Procedure Act ("APA") by failing to enter a show cause order sua sponte. Appellant's Br. 23–28. The Commission responds as the appellee, and DivX as an intervenor. The Commission and DivX argue that Realtek's appeal should be dismissed on grounds of standing or jurisdiction under 28 U.S.C. § 1295(a)(6) and 19 U.S.C. § 1337(c). Appellee's Br. 26–36; Intervenor's Br. 1–2, 26–32. Additionally, the Commission argues that Realtek's appeal should be dismissed because it is unreviewable. Appellee's Br. 20–26. Alternatively, the Commission and DivX argue that the Commission did not abuse its discretion by refusing to enter a show cause order sua sponte. Appellee's Br. 38–43; Intervenor's Br. 32–40.

## DISCUSSION

Agency decisions are unreviewable by this court under the APA when they are "committed to agency discretion by law." 5 U.S.C. § 701(a)(2); *see Apple Inc. v. Vidal*, 63 F.4th 1, 14 n.6 (Fed. Cir. 2023). In this instance, the

---

[1] The provision at § 210.4(d)(1)(ii) states, in full: "*On the administrative law judge's or the Commission's initiative*. The administrative law judge or the Commission may enter an order sua sponte describing the specific conduct that appears to violate paragraph (c) of this section and directing an attorney, law firm, party, or proposed party to show cause why it has not violated paragraph (c) with respect thereto."

Commission's decision not to enter a show cause order sua sponte is a decision committed to agency discretion and is thus unreviewable. The sua sponte issuance of a show cause order is a decision that "may" be, not must be, entered "*[o]n the administrative law judge's or the Commission's initiative*." 19 C.F.R. § 210.4(d)(1)(ii). A decision not to act sua sponte, then, which is left to an agency's "initiative," is a decision that remains wholly within the agency's discretion. This is because the agency, of its own accord, decides if and when it will enter a show cause order sua sponte. Furthermore, we agree with the Commission that "[t]o find otherwise would be a contradiction in terms, as it would mean a 'sua sponte' act under the Commission's initiative could be demanded by a party or compelled by a court of review." Appellee's Br. 21.

Realtek argues that its appeal is reviewable because the Commission failed to "provide reasoning, even when the ultimate decision is committed to agency discretion." Appellant's Reply Br. 3. According to Realtek, review would allow this court to "determine, for example, if there have been illegal 'shenanigans' in exercising discretion." Appellant's Reply Br. 3–4 (quoting *Cuozzo Speed Techs., LLC v. Lee*, 579 U.S. 261, 275 (2016)). But the cited portion of *Cuozzo* addresses review of "shenanigans" in agency decisions that fall within reviewable categories listed at 5 U.S.C. § 706(2), such as agency actions that are "contrary to constitutional right, in excess of statutory jurisdiction, or arbitrary and capricious." *Cuozzo*, 579 U.S. at 275 (cleaned up). None of these categories applies to the Commission's refusal to enter a show cause order sua sponte. We see no further support for Realtek's view that discretionary agency actions under § 701(a)(2) become reviewable under the APA if the agency fails to provide reasoning.

## CONCLUSION

We have considered Realtek's remaining arguments and find them unpersuasive. For the reasons stated, we dismiss Realtek's appeal.[2]

**DISMISSED**

## COSTS

Costs against Realtek.

---

[2] We need not reach the Commission and DivX's arguments that Realtek lacks standing or lacks jurisdiction under 28 U.S.C. § 1295(a)(6) and 19 U.S.C. § 1337(c). If no cause of action exists, "questions of standing and jurisdiction became immaterial." *Nat'l R.R. Passenger Corp. v. Nat'l Ass'n. of R.R. Passengers*, 414 U.S. 453, 465 n.13 (1974). Here, because we conclude that § 701(a)(2) precludes APA review of the Commission's refusal to enter a show cause order sua sponte, there is no cause of action which Realtek may have standing to bring or over which we may exercise jurisdiction. *See id.* at 456; *see also Block v. Cmty. Nutrition Inst.*, 467 U.S. 340, 353 n.4 (1984); *Alarm.com, Inc. v. Hirshfeld*, 26 F.4th 1348, 1353 n.3 (Fed. Cir. 2022).